NELSON HOLLAND AND FRED M. WHITE v. ALFRED WEED ET AL.

*Contempt proceedings—Violation of injunction—Enforcement of civil remedy—Costs.*

In contempt proceedings under How. Stat. chap. 256, to enforce civil remedies, a finding by the court that the complainant has sustained an actual loss or injury by the misconduct complained of, and an order for the payment of some sum as compensation therefor, are conditions precedent to an order that the respondent pay the costs and expenses of the proceedings.[1]

Appeal from Gogebic. (Daboll, J., presiding.) Argued June 11, 1891. Decided October 9, 1891.

[1] See *Appeal of George T. Smith*, 86 Mich. 150 (foot-note), for a reference to cases involving contempt proceedings.

Bill for an injunction. Defendants appeal from decree adjudging them guilty of contempt. Decree reversed, and contempt proceedings dismissed. The facts are stated in the opinion.

*Hayden & Young* (*Dockery & Kingston,* of counsel), for complainants.

*C. F. Button* (*Tomkins, Merrill & Smith,* of counsel), for defendants.

CHAMPLIN, C. J. The bill of complaint in this cause was filed for the purpose, exclusively, of obtaining an injunction.

The complainants set out that they had leased certain mill premises of the defendants, and that the lease was to be operative for a year, commencing on the 11th day of November, 1889, and ending on the 11th day of November, 1890. They then set up that the defendants had forcibly taken possession of the premises and excluded them from the property, and asked for an injunction restraining them from interfering with their possession of the mill. This injunction bill was filed on the 7th day of April, 1890.

The facts as claimed by the defendants, and as they appear to us by the record, are that the lease under which the complainants based their entire right to equitable relief was settled under an agreement in which they were relieved from the terms thereof, and the whole matter was adjusted, and the defendants were to have possession of the mill; but at that time, from oversight, the lease to the complainants was not surrendered or canceled otherwise than by the agreement which superceded it. The defendants, having acquired the right under the agreement to the possession of the mill and property, put their men in there in the month of April and earlier to

prepare the mill for the season's sawing, and, when they had got it nearly prepared for work, the complainants then claimed that they had rights under that lease, and attempted to dispossess the defendants, and to get possession of the property for the purpose, as is quite apparent, of extorting black-mail from the defendants, and compelling them to buy their peace. They obtained an injunction. As they well knew, if the defendants obeyed it, it would work great damage and injury to them, and before the suit could be gotten out of the way they would suffer great inconvenience, loss, and damage. The defendants refused to deliver up possession. It was their property, and in their own possession, and the court should not have awarded an injunction to dispossess them. Complainants proceeded against the defendants for contempt of court in disobeying the injunction, under those provisions of the statute which allow proceedings for contempt in the enforcement of civil remedies. A reference was taken under this proceeding to ascertain the extent that their several rights and remedies had been impaired, and report the same to the court. The proof is returned in the record.

Upon the hearing before the court, the Honorable S. B. Daboll, circuit judge, made the following order:

"In this matter, the defendants, who were heretofore enjoined by the injunction of this court from interfering with certain property as set forth in the proceedings therein, and on showing duly made, have been adjudged guilty of contempt in disobeying said injunction; and the same having been referred to J. S. Monroe, a circuit court commissioner, to take evidence of the amount of damages sustained by the complainants on account of the said contempt; and the said J. S. Monroe, commissioner as aforesaid, having made his report, whereby he reports that he is unable to decide the amount of damages, and returning the evidence taken before him; and the court having examined the said evidence and report, and duly considered the same, does adjudge and decree that the

said defendants, Alfred Weed and Marshall Hubbard, are guilty of said contempt, and that they pay to the complainants, within ten days after the service of a copy of this order or decree, damages as follows:

| | |
|---|---|
| For attorneys' fees and expenses | $160 00 |
| Clerk's fees | 5 00 |
| And the further sum of twenty-five dollars commissioner's fees | 25 00 |
| For witnesses' fees and expenses | 10 00 |
| Amounting in all to the sum of two hundred dollars | $200 00 |

—And, in default of said payment within the said ten days, that the complainants have an execution therefor.

"*Dated, August 25,* 1890.

"S. B. DABOLL, Circuit Judge."

From this order the defendants appeal.

The same circuit judge had previously, on the 30th day of June, 1890, entered his order, upon the coming in of the answer of defendants, dissolving the injunction theretofore issued, and restoring the possession of the mill property described in the injunction to the defendants.

The order made by the circuit judge in this matter of contempt merely orders that the costs and expenses of the contempt proceedings shall be paid by the defendants to the complainants. This order is unauthorized by the statute, which reads as follows:

"If an actual loss or injury has been produced to any party by the misconduct alleged, the court shall order a sufficient sum to be paid by the defendant to such party to indemnify him, and to satisfy his costs and expenses, instead of imposing a fine upon such defendant; and in such case the payment and acceptance of such sum shall be an absolute bar to any action by such aggrieved party to recover damages for such injury or loss." How. Stat. § 7277.

It will be observed that the statute authorizes this imposition in place of a fine, and it is for the purpose

of protecting the civil rights and remedies of the party, and to compensate him for the injury or loss occasioned by the misconduct alleged; and it is only when, an actual loss or injury has been produced to the party by the misconduct alleged, and that is made to appear to the satisfaction of the court, and some sum sufficient to compensate the party or indemnify him is adjudged, that the court can impose the costs and expenses to be paid by such party. In this case there is no finding, and in fact the testimony would justify no finding of the court, that an actual loss or injury had been produced to the complainants by the misconduct alleged, and the court acted wholly without authority in compelling the defendants in such a case to pay the costs and expenses of the proceedings to the complainants.

The action of the complainants from the first was unjustifiable. Their proceedings to obtain an injunction were a fraud and imposition upon the court, and it would be the grossest injustice to compel the defendants in this suit to pay them the costs and expenses that they have been put to in order to impose upon the court in the manner in which they have. It is true that the orders and process of a court, regularly issued, should be obeyed, and the court has it in its power, by punishment for contempt for disobedience of them, to protect its dignity and enforce its decrees. But in cases like this, where the orders of the court have been prostituted by unworthy methods in seeking unworthy ends, and where a party appeals to the court for process of contempt to enforce his civil remedies when he has none to enforce, the courts are not called upon to protect their dignity by the imposition of any fine or costs.

I think the decree appealed from should be reversed, and the contempt proceedings dismissed, with costs of both courts against the complainants.

MORSE and McGRATH, JJ., concurred with CHAMPLIN, C. J.

GRANT, J. The bill of complaint in this cause was filed April 7, 1890, and a preliminary injunction granted *ex parte*, restraining the defendants from interfering with the property described in the bill, or with the complainants' possession thereof, until the further order of the court. Defendants paid no heed to the injunction, but took and retained forcible possession of the property in defiance thereof. They took no steps to obtain a dissolution until June 20, 1890, when they filed their answer, and met the equities of the bill so fully that the court dissolved the injunction.

April 22, 1890, complainants instituted these proceedings to punish the defendants for contempt of court in violating the injunction. August 25, 1890, they were adjudged guilty of contempt, and were ordered to pay damages as follows:

| | |
|---|---|
| For attorneys' fees and expenses | $160 00 |
| For clerk's fees | 5 00 |
| For commissioner's fees | 25 00 |
| For witnesses' fees and expenses | 10 00 |

From this order defendants appeal.

Three objections are raised to the validity of the order:

1. The circuit judge had no jurisdiction to allow the order for an injunction.

2. Defendants were in possession of the property at and prior to the service of the injunction, and could not be dispossessed thereby.

3. The measure of damages included only the taxable costs.

1. The judge of the twelfth judicial circuit, within which Gogebic county is situated, was absent from the State sick. The adjoining circuit was the twenty-fifth, but there was a vacancy there on account of the resigna-

tion of the judge. Judge Steere, of the eleventh circuit, had been appointed by the Governor to fill such vacancy until the election. He was therefore the acting judge of the twenty-fifth circuit, with full power to do all acts which a regularly elected judge might do. By Chancery Rule 112 the circuit court commissioner was prohibited from issuing an injunction in this case. But, aside from these questions, it will be presumed that the circuit judge acted upon due proof of the existence of the facts necessary to give him jurisdiction. *Landon v. Comet,* 62 Mich. 80. Defendants have made no showing to rebut this presumption.

2. The bill made out a case for granting an *ex parte* preliminary injunction. It was then the clear duty of the defendants to respect and obey the injunction. They could have answered immediately, and have promptly moved the court for a dissolution or modification. They could easily have done this within five or six days. But they chose to take the law into their own hands, and wait more than two months before answering, and taking that orderly course dictated alike by reason and law. Such conduct cannot be too severely reprimanded. They cannot in this proceeding be heard on the merits of the controversy. By the terms of the lease executed by defendants to complainants, the complainants were entitled to possession, and claimed that they had it. Defendants in their answer claim that this lease had been superseded by other arrangements, and that they were in possession. The property was a saw-mill, which was not run in the winter, and this controversy appears to have arisen in the spring, when each party desired to put the mill in repair for the season's work. The was no actual occupancy of the mill during the winter.

If the defendants were in the actual possession of the property, fairly obtained, they ought not to have been dis-

possessed by an *ex parte* injunction. Under such circumstances, they would have been justified in retaining possession until they could have applied to the court.

3. This proceeding was brought under How. Stat. § 7277, which gives the court jurisdiction only in case where—

"An actual loss or injury has been produced to any party by the misconduct alleged."

No actual loss or injury was found by the court, and the proceedings should therefore have been dismissed. The items decreed to be paid were costs which would follow a finding of loss or injury. Without such loss or injury costs could not be decreed.

For this reason the order appealed from must be reversed, and proceedings dismissed, with costs of both courts against the complainants.

LONG, J., concurred with GRANT, J.