JOHN J. CAMPBELL v. MOTION PICTURE MACHINE OPERATORS OF MINNEAPOLIS AND OTHERS. DAN W. STEVENS AND OTHERS, APPELLANTS.

January 27, 1922.

No. 22,199.

**Contempt—appeal from conviction—no appeal from criminal contempt.**

1. An appeal from a conviction for contempt brings the proceeding before this court only insofar as it involves a civil contempt, as a conviction for criminal contempt is not reviewable by appeal.

**Damages for contempt awarded only after proof of actual damage.**

2. In a proceeding in contempt, the court may award indemnity to a party for the loss and injury resulting to him from the contempt, but such award must be based on proof of the damage actually suffered and cannot be sustained in the absence of such proof.

**Attorney's fee may be included in award.**

3. The court may allow an attorney's fee as a part of the expense of the proceeding, and may fix the amount allowed for services performed in the presence of the court without other evidence of the value thereof.

**Imprisonment for nonpayment not invalid.**

4. Coercing compliance with the judgment of the court by imprisonment does not infringe the constitutional inhibition against imprisonment for debt.

[1]Reported in 186 N. W. 787.

Action in the district court for Hennepin county to recover $1,100 and to restrain Motion Picture Machine Operators Union of Minneapolis, Local 219, International Alliance of Theatrical Stage Employes of the United States and Canada, a trade union, also Trades and Labor Assembly of Minneapolis and Hennepin county, and others, from conspiring to restrain the patronage and trade of plaintiff's Wonderland Theater by picketing or otherwise or publishing that plaintiff's theatre was unfair to organized labor and should not be patronized. Judgment was entered in favor of plaintiff. The return of an order to show cause why defendants should not be adjudged guilty of contempt for failure to obey the decree, was heard by Bardwell, J., who made findings and ordered judgment as stated at length in the opinion. From the judgment entered pursuant to the order for judgment, defendants Dan W. Stevens, Leslie Sinton, Lynn Thompson and R. D. Cramer appealed. Modified.

*George B. Leonard* and *Thomas E. Latimer*, for appellants.

*Nathan H. Chase*, for respondent.

TAYLOR, C.

This is an appeal from a judgment of the district court of Hennepin county adjudging defendants Stevens, Sinton, Thompson and Cramer guilty of contempt in wilfully disobeying an injunction issued by that court.

Proceedings against persons charged with contempt of court are of two classes: Those prosecuted to maintain and vindicate the authority of the court; and those prosecuted to make effective the remedy given to a private party. Proceedings of the first class are purely penal in their nature and their purpose is to enforce obedience to lawful authority in the interest of the public. Those of the second class are civil in their nature and their purpose is to secure to a private party the rights to which he is entitled. Contempts prosecuted in proceedings of the first class are commonly designated as criminal contempts, and those prosecuted in proceedings of the second class as civil contempts. Both may be, and frequently are, combined in one proceeding, but in such cases the punitive part of the proceeding must conform to the law governing criminal con-

tempts and the remedial part of it to the law governing civil contempts. State v. Willis, 61 Minn. 120, 63 N. W. 169; Red River Potato Growers Assn. v. Barnardy, 128 Minn. 153, 150 N. W. 383. A conviction for a criminal contempt is not appealable, but may be reviewed by certiorari; a conviction for a civil contempt is appealable.

In the present case the proceeding is brought to this court by appeal, and hence is before us only insofar as it involves a civil contempt. State v. Willis, 61 Minn. 120, 63 N. W. 169; State v. Searles, 141 Minn. 267, 170 N. W. 198.

Defendants also appealed from the judgment in the main action directing the issuance of the injunction, and the decision on that appeal, affirming the judgment and sustaining the validity of the injunction, is filed herewith. All the objections urged by defendants against the injunction are fully considered in that decision and require no further discussion herein.

The findings of the court in the proceeding in contempt are lengthy. It is sufficient to say that they are to the effect that the defendants had wilfully and persistently violated and disobeyed the judgment in the main action and the injunction issued thereunder for the purpose of injuring the plaintiff, and thereby had prejudiced plaintiff's rights and were defeating the remedy given him by the court. These findings are amply supported by the evidence. Upon these findings the court made an order which reads as follows:

"Now, therefore, it is ordered and adjudged that the said Dan W. Stevens, R. D. Cramer, Lynn Thompson and Leslie Sinton, and each thereof are in contempt of this court for wilful disregard, violation and disobedience of the said judgment and decree of this court and for failing to comply with the writ of injunction heretofore issued out of the court upon and under said judgment and decree.

"It is further adjudged that said Dan W. Stevens, R. D. Cramer, Lynn Thompson and Leslie Sinton each be fined in the sum of $125.00 for the benefit of plaintiff herein, and that said parties above named pay the costs and expenses of the contempt proceedings, including an attorney's fee of $100.00; and that in default of the payment by said above named parties of said fines, and costs

and expenses of said contempt proceedings, and said attorney's fees, or either thereof, said last above named parties, and each thereof, be imprisoned in the county jail of Hennepin county, Minnesota, until said fines, costs and expenses of said contempt proceedings and attorney's fees are paid, not exceeding the term of six months.

"Let judgment be entered in accordance with this order, and execution issue thereon, and if said executions, or either thereof, be returned unsatisfied, in whole or in part, let a warrant or warrants of commitment issue as provided by law and in accordance with the terms of this order."

While the language used, except in the concluding paragraph, is that of a judgment, this action of the court was treated as a direction and order for judgment, and a formal judgment was entered as directed in the final paragraph, except that the costs and expenses other than the attorney's fee of $100 were waived and are not included therein. The appeals are from this judgment.

Section 8355 of the General Statutes of 1913 provides that the punishment for a constructive contempt shall not exceed a fine of $50, unless the right or remedy of a party to an action or special proceeding was defeated or prejudiced thereby. Section 8363 provides that where a person is adjudged guilty of such a contempt: "He shall be punished by a fine of not more than two hundred and fifty dollars, or by imprisonment in the county jail for not more than six months, or by both."

Section 8364 provides:

"If any actual loss or injury to a party in an action or special proceeding, prejudicial to his right therein, is caused by such contempt, the court or officer, in addition to the fine or imprisonment imposed therefor, may order the person guilty of the contempt to pay the party aggrieved a sum of money sufficient to indemnify him and satisfy his costs and expenses, which order, and the acceptance of money thereunder, shall be a bar to an action for such loss and injury."

The fine was imposed "for the benefit of plaintiff herein," and therefore cannot be held to be a penalty imposed under section 8363

for the criminal contempt. Gompers v. Buck's Stove & R. Co. 221 U. S. 418, 31 Sup. Ct. 492, 55 L. ed. 797, 34 L. R. A. (N. S.) 784. Consequently it rests upon the provision of section 8364 authorizing the court to award indemnity to plaintiff for "any actual loss or injury" to him caused by the contempt. While the record warrants an inference that he sustained a loss in his business on account of the acts of defendants, there is no evidence whatever tending to show the amount of such loss. The statute does not authorize the court to impose a penalty on defendants for the benefit of plaintiff. It merely authorizes the court to award to plaintiff a sum sufficient to indemnify him for the damages sustained and for his costs and expenses, and if the award be accepted it operates as a bar to an action for such damages. That the award may be designated as a fine does not change its character. It is imposed for the purpose of compelling defendants to make compensation for the loss and injury caused to plaintiff by their violation of the order and judgment of the court, and it must be based on proof of the damage actually sustained. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Slackman v. Kaufman, 160 N. Y. Supp. 786; Noble Township v. Aasen, 10 N. D. 264, 86 N. W. 742; Holland v. Weed, 87 Mich. 584, 49 N. W. 877; Davidson v. Munsey, 29 Utah, 181, 80 Pac. 743; In re Hoover, 44 Utah, 476, 141 Pac. 101; My Laundry Co. v. Schmeling, 129 Wis. 597, 109 N. W. 540; Stollenwerk v. Klevenow, 151 Wis. 355, 139 N. W. 203.

As there is no proof of the amount of damage actually sustained by plaintiff, the court erred in decreeing that the defendants each pay a fine in the sum of $125 for his benefit.

The court also adjudged that the defendants pay an attorney's fee in the sum of $100 in addition to the fine. The other costs and expenses were waived and excluded from the judgment. An attorney's fee may be allowed in such a proceeding as an item of expense, and the court may fix the amount of such fee allowed for services performed by attorneys in the presence of the court without other evidence of the value thereof. State ex rel. Hoefs v. District Court of McLeod County, 113 Minn. 304, 129 N. W. 583.

The payment of the attorney's fees of $100 was imposed on de-

fendants as a joint obligation arising out of a joint offense, and the judgment is valid insofar as it requires the payment of this fee and makes provision for enforcing payment thereof. Stollenwerk v. Klevenow, 151 Wis. 355, 139 N. W. 203; People v. R. & S. L. R. Co. 76 N. Y. 294.

It is urged that payment of the money judgment entered by the court cannot be enforced by imprisonment without violating the constitutional provision forbidding imprisonment for debt. That a person convicted of contempt, who fails to comply with the judgment imposed therefor, may be coerced to do so by imprisonment without infringing this constitutional provision, whether the judgment directs the payment of money or the doing of some other act, has been settled too long and too firmly to require further discussion or the citation of authorities.

The judgment appealed from is reversed insofar as it requires the defendants to pay a fine in the sum of $125 each for the benefit of plaintiff, and is affirmed insofar as it requires the defendants to pay an attorney's fee of $100 and provides for the enforcement of such requirement.