## ELIZABETH B. SESSIONS v. JOHN C. SESSIONS.[1]

Nos. 27,258, 27,485.

June 28, 1929.

Boutelle, Bowen & Flanagan, for appellant.
Harry S. Swensen, for respondent.

HILTON, J.

Defendant appeals from a judgment against him in contempt proceedings.

Plaintiff and defendant, who had been husband and wife since September, 1910, separated in February, 1926. On June 19, 1926, they entered into a lengthy postnuptial agreement, arrangements being made therein for practically every conceivable contingency. It provided, among other property arrangements, that defendant should pay plaintiff $35 per week until the sale of the homestead, when a lesser payment should be made, subject to the happening of certain contingent events. The homestead has not been sold. Sub-

[1] Reported in 226 N. W. 211, 701.

divisions (f) and (g) of paragraph 8 of the agreement are as follows:

"(f) Each of the parties to this agreement accepts the stipulation hereof in lieu of any other right, claim, interest or demand against or upon the other or in or to the property or estate of the other growing out of the marital relation and except as provided by the terms of this agreement, each of such parties forever releases and discharges the other and the property and estate of the other from any and every claim or obligation, whatsoever;

"(g) Nothing in this agreement express or recited shall be held or construed as in any wise preventing either of the parties hereto from instituting proper proceedings against the other for an absolute divorce, but it is expressly stipulated and agreed that in the event either of the parties shall hereafter institute such divorce proceedings, the settlement in this agreement provided, shall be accepted in lieu of any claim by either of the parties against the other for any allowances, temporary or otherwise, or for support, maintenance or alimony, and it is further expressly stipulated that this agreement may be incorporated in the terms of any decree of divorce and that such decree shall accept the terms of this agreement as a full settlement of all rights and claims of whatsoever kind or character on the part of either of the parties hereto against the other or against the property or estate of the other."

In a divorce action instituted by plaintiff against defendant, a final judgment and decree was entered granting her a divorce. Defendant has since remarried. The postnuptial agreement was adopted by the court as a part of the judgment, and defendant was therein, as of September 14, 1927, required to pay plaintiff alimony in the sum of $35 per week. See Brenger v. Brenger, 142 Wis. 26, 125 N. W. 109, 26 L.R.A. (N.S.) 387, 135 A. S. R. 1050, 19 Ann. Cas. 1136.

Defendant, on September 29, 1928, was in default in making eight of said $35 payments, a total of $280. Contempt proceedings were instituted against defendant for such failure, and as a result the court found him guilty of contempt and he was ordered to appear

before the court on a date stated for the imposition of sentence on account of such contempt. An appeal from that order was taken to this court and dismissed as an unappealable order. Judgment was entered on April 11, 1929, as follows:

"Dr. Sessions, the court by its order of November 8, 1928, as amended, having found you guilty of contempt of court for disobedience of its order, it is adjudged and decreed and ordered that you be committed to the county jail of this county of Hennepin, and state of Minnesota, and be there detained and confined for a period not to exceed 30 days, or until you have paid to the plaintiff, Elizabeth B. Sessions, the sum of $280, and to her attorney the further sum of $100, attorney's fees in this proceeding, as a part of the necessary costs and expenses thereof. This means that the defendant may be released upon the payment of the respective sums named, and that his incarceration shall not exceed a period of 30 days in any event."

From this judgment the appeal is taken.

Defendant's main contention here is that the trial court had no jurisdiction in this case to punish the defendant for contempt or to require defendant to pay $100 or any other sum as attorney's fees.

The district courts of Minnesota have original and exclusive jurisdiction in divorce proceedings. An action in divorce is in rem, the res being the marriage status or relation existing between the parties. Searles v. Searles, 140 Minn. 385, 168 N. W. 133. The state is an interested party in every action for divorce. True v. True, 6 Minn. 315 (458); Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67; Bundermann v. Bundermann, 117 Minn. 366, 135 N. W. 998; McElrath v. McElrath, 120 Minn. 380, 139 N. W. 708, 44 L.R.A. (N.S.) 505.

The granting of alimony is one of the express statutory powers of the district court in divorce proceedings. G. S. 1923 (2 Mason, 1927) §§ 8593, 8601-8604. In the latter section, referring to the order of the court for the payment of alimony or other allowance ordered or decreed to the wife, it is provided that "if any person or

party shall disobey such order, he may be punished by the court as for contempt." G. S. 1923 (2 Mason, 1927) § 9803, provides:

"If any actual loss or injury to a party in an action or special proceeding, prejudicial to his right therein, is caused by such contempt, the court or officer, in addition to the fine or imprisonment imposed therefor, may order the person guilty of the contempt to pay the party aggrieved a sum of money sufficient to indemnify him and satisfy his costs and expenses, * * *."

It is true that postnuptial agreements between a husband and wife, after separation takes place, are not contrary to public policy and, in the absence of fraud or any other invalidating cause, are valid and enforceable. 3 Dunnell, Minn. Dig. (2 ed.) § 4283, and cases cited. These decisions are in no way contrary to the conclusion we reach.

Defendant's contention that the subject of alimony was removed from the jurisdiction of the court by the voluntary action of the parties is as untenable as would be a claim that they could effectively agree upon a divorce and its terms. The power to grant alimony is inherent in divorce proceedings. "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife." Audubon v. Shufeldt, 181 U. S. 575, 577, 21 S. Ct. 735, 45 L. ed. 1009; Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820. As to the meaning of the words "in lieu of alimony" and other pertinent language here involved, see Welty v. Welty, 195 Ill. 335, 63 N. E. 161, 88 A. S. R. 208; Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820; Norris v. Norris, 162 Wis. 356, 156 N. W. 778. Parties may not, by agreement, oust the court of jurisdiction to award alimony and to punish for contempt a failure to comply with the judgment awarding alimony.[3] Had there been no divorce proceedings, the claim for payment of $35 per week in the agreement could have been enforced as any other proper obligation in an agreement. Here the court, by incor-

[3]See opinion, after reargument, on pages 80, 81 [Reporter].

porating the agreement in the judgment, provided for alimony—the weekly payments—as it had a right to do. It could have fixed it at a different sum. A strikingly similar and instructive case is found in Messler v. Jackson Circuit Judge, 188 Mich. 195, 154 N. W. 63. The future increasing or decreasing of the amount to be paid, provided changed conditions warrant the same, remains within the power of the court. Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820.

The judgment expressly provided for an application to the court by either party for such other relief as might be proper in the premises. A full and comprehensive discussion of alimony is found in Bensel v. Hall, 177 Minn. 178, 225 N. W. 104. The allowance of attorney's fees was proper. G. S. 1923 (2 Mason, 1927) § 9803; State ex rel. Hoefs v. District Court, 113 Minn. 304, 129 N. W. 583; Campbell v. Motion P. M. Operators, 151 Minn. 238, 186 N. W. 787. See also Spratt v. Spratt, 151 Minn. 458, 185 N. W. 509, 187 N. W. 227. The judgment in the contempt proceedings should be and it is hereby affirmed.

Judgment affirmed.

### Upon Application for Reargument.

On September 6, 1929, the following opinion was filed:

Per Curiam.

The defendant petitions for a reargument upon the grounds (a) that the postnuptial agreement providing for the support of the plaintiff can be enforced only in an action on contract and so cannot be coerced by a proceeding in contempt; and (b) that in any event the payment of costs in the contempt proceeding cannot be coerced by imprisonment.

The court finds that the postnuptial agreement was made for the purpose of settling the property rights and the right of the plaintiff to alimony. No question is made but that this was its purpose. No claim is made that the settlement is unfair. Its provisions, including the provision for the payment of $35 per week to the wife, which on a certain contingency should be reduced to $25, the payments to terminate if the wife should remary, and in any event upon the death of the husband, were incorporated in the judgment. The $35 per week was clearly enough, though not so termed, support money, in substance alimony as that term has come to be used.

The question before us is not whether a postnuptial agreement prevents the court in a subsequent divorce action from interfering with the contract of the parties by increasing or reducing alimony, or otherwise interfering with the disposition of property made by the parties. The judgment, which is satisfactory to both parties, and from which no appeal is taken, does not disturb the arrangement which the parties made; but it incorporates the provision for the payment of $35 per week and the provisions relative to the disposition of property. The agreement to pay $35 per week has become a requirement of the judgment. Such requirements are enforced by contempt.

The cases cited by counsel on both sides do not reach the precise question as we see it. They bear upon the question whether a subsequent judgment can disturb the provisions of the postnuptial agreement. They do not bear upon the question whether a provision like the one for the payment of $35 per week to the wife, formally embodied in the judgment, can be enforced by contempt. We think it can be, not because the parties have agreed to it, but because the judgment requires the payment; and we think the situation not different than it would be had the provision for the payment of the $35 been put in the judgment with no postnuptial agreement involved.

The authorities upon the effect of a postnuptial agreement were considered by Judge Lees in Vanderburgh v. Vanderburgh, 152 Minn. 189, 188 N. W. 276. Their general validity was upheld.

They need not be reviewed here, for the question is not upon the validity of such an agreement, but whether a provision, a part of the judgment, for the payment of support money can be enforced by contempt. This is all that is involved in the case, and all that should be held is that it can be. The opinion, so far as it holds that a postnuptial agreement cannot prevent the award of alimony, goes beyond the requirements of the case and should not be held controlling in future litigation;[4] and the decision is rested upon the ground that the payment sought to be coerced is one for which provision is made in the judgment and so enforceable by contempt proceedings.

The majority of the court are of the opinion that Campbell v. Motion P. M. Operators, 151 Minn. 238, 186 N. W. 787, is controlling on the question of attorney's fees. We appreciate that the question is not whether attorney's fees duly allowed in a divorce action may be coerced by imprisonment; nor whether attorney's fees may be allowed in a contempt proceeding; but the precise question is whether the payment of attorney's fees allowed in a contempt proceeding to enforce a provision in the judgment of divorce for the payment of support money may be coerced by imprisonment. A majority of the court are of the opinion that the question is answered in the affirmative by the case cited.

With the explanations made a reargument is denied.

[4]See syllabus, on page 75, and opinion on page 78 [Reporter].