Wayne **WESTGOR**, individually and as a minority shareholder of Winton's, Inc., Respondent,

v.

Harvey W. **GRIMM**, et al., Appellants.

No. C8–85–1173.

Court of Appeals of Minnesota.

Feb. 18, 1986.

Ronald L. Snelling, Olsen, Snelling & Christensen, Minneapolis, for respondent.

William F. Kolbinger, Big Lake, for appellants.

Heard, considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

LANSING, Judge.

Harvey Grimm appeals from a judgment awarding respondent Wayne Westgor $5,000 as a "penalty" for Grimm's constructive civil contempt and $2,500 for attorney's fees incurred in prosecuting the contempt proceedings. We reverse and remand.

## FACTS

In 1976 Wayne Westgor, a minority shareholder of Winton's, Inc., brought this action on behalf of himself and the corporation against its officers and directors (Harvey Grimm, Charles Grimm and Arlene Grimm). He sought an involuntary dissolution of the corporation, an accounting, and damages. The trial court directed a verdict for the defendants at the close of Westgor's case-in-chief. On appeal the supreme court held that the trial court properly dismissed the claim for involuntary dissolution and any individual cause of action Westgor asserted. *See Westgor v. Grimm*, 318 N.W.2d 56, 58 (Minn.1982). The supreme court also held that Westgor had successfully pled an action for breach of fiduciary duty and had presented sufficient evidence to shift the burden to the Grimms to show that certain transactions were in the corporation's interest. The court remanded for the trial court to "(1) take testimony from defendants' witnesses, (2) make the necessary factual findings, and (3) conduct an accounting of Winton's." *Id.* at 59.

On remand the trial court issued an order dated May 2, 1983, ruling the Grimms failed to show that the sale of a corporate asset (a model home) to Charles Grimm was an arms-length bargain in the interest of the corporation. The Grimms were ordered to repay to Winton's any corporate funds used to maintain the model home after its sale to Charles Grimm.

At the same time the trial court ordered the Grimms

to account, in writing, to the Court and Mr. Westgor, for all assets of the corporation since its inception until the present time, including a breakdown of all moneys, receipts and property, profits and losses, and loans to the corporation by various officers. Said accounting, in writing, shall be sent to this Court's attention and to Mr. Westgor by June 3, 1983.

The Grimms did nothing to comply with this order, and on August 6, 1983, Westgor personally served a motion and order to show cause on Harvey Grimm, seeking to have him held in contempt for not obeying the order of accounting. In response, Grimm mailed updated balance sheets and income statements to Westgor.

Grimm did not appear at the motion hearing held on December 23, 1983. The trial court issued an order dated January 16, 1984, holding Grimm in contempt for failing to provide a sufficient accounting. The order was conditional and allowed Grimm to purge himself by complying with the accounting order by February 15, 1984. If Grimm failed to comply, a local CPA was to provide the accounting, and Grimm was to pay for it. Westgor requested and received $500 in attorney's fees for bringing the motion.

Grimm did not comply with the order. On May 17, 1984, he was again served with an order to show cause and a motion to hold him in contempt. The motion was heard May 25, 1984. Grimm did not appear, but his attorney did. On June 6 the court ordered that a warrant issue for Grimm's arrest and awarded another $500 in attorney's fees to Westgor.

On August 3, 1984, Grimm mailed to the trial court an unaudited "Statement of Changes in Cash Balances" for Winton's for the period 1967 to 1983. The trial court, on its own motion, then issued an order to Westgor to show cause why the court should not accept this set of figures as the required "accounting."

Grimm was not present at the hearing on October 25, 1984, but his attorney was. The trial court found that Grimm's "Statement of Cash Balances" did not satisfy the requirements of the accounting order. The trial court again held Grimm in contempt, awarded additional attorney's fees in the amount of $1,500 to Westgor, and ordered Grimm to pay Westgor $5,000 as a "penalty for * * * contempt." Despite the fact that the order to show cause did not indicate or specify that any of the above actions were contemplated, there was no objection to the lack of notice, the trial court's contempt ruling, the imposition of the $5,000 penalty, or the award of $1,500 in attorney's fees.

The written order dated January 9, 1985, required Grimm to pay $7,500 to Westgor ($5,000 contempt penalty, $1,500 attorney's fees, plus $1,000 attorney's fees for prior motions) within 30 days of the date of the order. Westgor, upon receipt of the $7,500, was to tender to Grimm his shares of Winton's, Inc. The money was not paid, and a judgment for $7,500 was entered in favor of Westgor.

## ISSUE

Did the trial court err in holding Grimm in contempt, awarding the $5,000 penalty, and awarding attorney's fees?

## ANALYSIS

■■■ Failing to obey a court order in favor of an opposing party in a civil proceeding constitutes constructive civil contempt punishable and enforceable by fine or imprisonment. Minn.Stat. § 588.01, subd. 3(3) (1984); *Minnesota State Bar Association v. Divorce Assistance Association, Inc.*, 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976). A court, however, does

not have authority to adjudge a person guilty of constructive civil contempt unless the person has first appeared before the court, voluntarily or involuntarily, and been examined. Minn.Stat. §§ 588.09–.10 (1984); *Clausen v. Clausen,* 250 Minn. 293, 296–99, 84 N.W.2d 675, 678–80 (1957). *See also Smoot v. Smoot,* 329 N.W.2d 829, 832 (Minn.1983) (court may find a person in constructive civil contempt without appearance if contemnor submits affidavit admitting contempt).

■ Grimm was held in conditional contempt at the December 23, 1983, hearing and adjudged in contempt in the order issued from the October 25, 1984, hearing. Grimm was not brought before the court at either hearing, was not personally examined, and did not submit affidavits admitting any violations of the trial court's orders. The trial court was empowered to order Grimm's arrest or continue the matter and again order him to appear. *See* Minn.Stat. § 588.04, § 588.14; *Clausen,* 250 Minn. at 296–99, 84 N.W.2d at 678–79. It was error for the trial court to hold Grimm in contempt without securing his presence.[1]

■ Grimm also challenges the award of attorney's fees and the $5,000 "penalty." Minn.Stat. § 588.11 (1984) provides:

If any actual loss or injury to a party in an action * * *, prejudicial to his right therein, is caused by such contempt, the court * * * may order the person guilty of the contempt to pay the party aggrieved a sum of money sufficient to indemnify him and satisfy his costs and expenses, including a reasonable attorney's fee incurred in the prosecution of such contempt * * *.

The indemnity must be based on proof of damages actually suffered or it cannot be sustained. *Campbell v. Motion Picture Machine Operators,* 151 Minn. 238, 242, 186 N.W. 787, 789 (1922). In *Campbell* the trial court ordered the contemnor to pay the plaintiff $125 "for the benefit of plaintiff." The supreme court reversed, stating:

The statute [identical to § 588.11] does not authorize the court to impose a penalty on [contemnor] for the benefit of plaintiff. It merely authorizes the court to award to plaintiff a sum sufficient to indemnify him for the damages sustained and for his costs and expenses.

*Id.* at 242, 186 N.W. at 789. There is no evidence demonstrating that Westgor suffered *any* actual damage as a result of Grimm's contempt. The trial court designated the $5,000 as a penalty, which *Campbell* specifically prohibits. The award cannot be sustained.

■ Minn.Stat. § 588.11 allows an award of reasonable attorney's fees incurred in the prosecution of the contempt. The trial court's awards of $500 in attorney's fees incurred by Westgor as a result of the December 23, 1983, and May 25, 1984, hearings were based on affidavits of Westgor's attorney, which support the reasonableness of the award. We affirm the trial court's award of these fees.[2]

■ The record does not, however, support the award of $1,500 in attorney's fees for the October 25, 1984, hearing. A court's determination of reasonableness of attorney's fees must be based either upon its observation of the services performed or proof of their value. *Campbell,* 151 Minn. at 242, 86 N.W. at 789; *Ryan v. Bigos Properties,* 351 N.W.2d 680, 681 (Minn.Ct.

---

1. Grimm was held in contempt at the October 25, 1984, hearing even though the trial court's order to show cause did not indicate that a contempt order might result from the hearing. We base our holding on the requirement that Grimm must be present to answer for the alleged contempt, and we do not reach the adequacy of the notice.

In addition, Grimm argues that the accounting ordered by the trial court was more extensive than that intended by the supreme court. The trial court did not address this issue, in all

likelihood because Grimm never appeared in court to raise it. Grimm is free to raise the issue on remand.

2. We affirm the award of these fees despite our holding reversing the judgment of contempt. A trial court may award attorney's fees incurred in prosecuting a contempt proceeding prior to the actual finding of contempt if the alleged contemnor fails to appear at the hearing without justification. *See* Minn.Stat. § 588.14 (1984).

App.1984). There is no affidavit supporting the value of the services rendered at the October 25 hearing. We question why the trial court awarded an attorney's fee three times larger than those awarded for services performed at the previous two hearings. We remand the issue to the trial court to award reasonable attorney's fees to Westgor incurred at the October 25 hearing.[3]

Westgor contends that the $5,000 penalty and the attorney's fees should be affirmed as an "equitable remedy" under Minn.Stat. § 302A.467 (1984). The supreme court, however, already ruled in this case that Westgor "has no individual cause of action because a right of action for diversion of corporate funds is in the corporation, not the individual." *Westgor v. Grimm*, 318 N.W.2d at 58. Therefore, Westgor cannot personally receive any damages as a result of his claims. Furthermore, we do not agree that the equitable relief available under § 302A.467 authorizes the court to force a buyout of dissenting shareholders when such a buyout could not be obtained under the "dissenting shareholder buyout" provisions of Minn. Stat. § 302A.471 (1984). We are not persuaded by Westgor's contention that the judgment should be affirmed as an equitable remedy.

### DECISION

We vacate the trial court's judgment of contempt and the $5,000 penalty. The award of $1,500 attorney's fees is reversed and remanded for further findings. Judgment of $1,000 attorney's fees incurred in the earlier motions is affirmed and may be entered.

Reversed and remanded.

3. Westgor argues that Grimm waived the right to challenge the finding of contempt, the penalty, and the attorney's fees on appeal because Grimm failed to object at the hearing or object to the order issued after the hearing. While it would have been prudent for Grimm to move to vacate the order adjudging him in contempt and awarding the $5,000 "penalty," a party is entitled to appeal from a judgment and receive a

determination on the sufficiency of the evidence under any applicable rule of law. *See Johnsrud v. Tri-State Sales, Inc.*, 353 N.W.2d 255, 257 (Minn.Ct.App.1984) (citing *Kilty v. Mutual of Omaha Insurance Co.*, 287 Minn. 403, 178 N.W.2d 734 (1970)). These issues are subject to review because they involve interpretation of the applicable rules of law.