**TIME–SHARE SYSTEMS,
INC., Respondent,**

v.

**Gary W. SCHMIDT, d.b.a. The Wooden
Bird, et al., Appellants.**

No. C4–86–905.

Court of Appeals of Minnesota.

Dec. 16, 1986.

Philip T. Colton, Gregory J. Holly, Maun, Green Law Firm, Bloomington, for respondent.

William B. Simonet, Jr., Louis B. Oberhauser, Oberhauser & Associates, Wayzata, for appellants.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Time-Share Systems, Inc. (Time-Share) and Gary Schmidt were engaged in litigation over the ownership and rights to computer software. During the course of litigation the trial court ordered Schmidt to allow Time-Share access to Schmidt's computer in order to do a file save.[1] Schmidt also was ordered not to delete any data prior to the file save. A file save was done but the trial court found that Schmidt deleted, or allowed to be deleted certain files. The trial court found that Schmidt, his companies, and the officers of his companies had violated the court order and were in contempt. The court levied fines, costs, and attorney's fees. Schmidt appeals. We affirm in part, reverse in part and remand for proof of damages.

## FACTS

In late 1983 Gary Schmidt began using the services of Time-Share Systems, Inc. to manage the inventory and accounting aspects of his business, known at that time as The Wooden Bird. Services provided by Time-Share included the creation of software programs as well as the purchase or lease of computer equipment. Over the year Time-Share and Schmidt had extensive

---

**1.** A file save is a procedure which copies all software and data contained in a computer onto a disk or tape.

dealings with each other as the computer system was expanded.

In 1984 the relationship between the two companies began to break down. Schmidt did not feel he was getting the service he expected and paid for. Time-Share made an effort to remedy the situation but was unable to do so to Schmidt's satisfaction. Schmidt terminated the agreement, Time-Share sued for damages and Schmidt counterclaimed. The parties agreed that Schmidt owned the computer equipment and the dispute revolved around the ownership of certain software designated as "Ease" software.

In December of 1985 Time-Share's motion to replevin the "Ease" software was granted and Schmidt was ordered to turn "Ease" over to Time-Share. This order specifically provided that Schmidt must appear in court to show why he was not in contempt if he failed to deliver the property. The property was not delivered and the parties appeared in court on January 24, 1986. Schmidt's attorney indicated that there was a problem in identifying which software belonged to Time-Share and which software belonged to Schmidt. At that time, the court ordered, *inter alia,* that:

1. Time-Share was to have access to Schmidt's computers for the purpose of obtaining a file save of all the information on the computer.
2. Schmidt "shall not delete any data or programs from the computer" prior to the file save.
3. If any information has been deleted, Schmidt was to provide Time-Share with its most recent file save.

Once this was accomplished there would be another hearing to determine what should be deleted from Schmidt's computers.

Between noon and 1:00 p.m. on January 24, 1986, Time-Share's representative arrived at Schmidt's place of business to carry out the court order. He was not given access to the computer until approximately 5:00 p.m., at which time the file save was done.

An examination of the file save and other evidence indicated that data was deleted from the computer on the same day the court order was issued. Schmidt contended that the deletion was by a computer programmer, formerly employed by Time-Share, without Schmidt's knowledge. The programmer is presently employed by Schmidt's company, as an independent contractor, to develop software to replace the unsatisfactory software they bought from Time-Share. The programmer and Time-Share also are engaged in litigation concerning the programmer's program development. Schmidt's employees had notified the programmer by phone of the court ordered file save. The programmer proceeded to delete certain programs which he claimed were his and not Time-Share's.

On April 9, 1986 the court found Schmidt in contempt of court and ordered him to pay Time-Share $3,000 in costs and attorney's fees and $2,500 in damages for violating the court order.

### ISSUES

1. Is this contempt order appealable?
2. Was appellant in contempt of court?

### ANALYSIS

I

 Time-Share argues that a contempt order is not an appealable order and must be dismissed. A contempt order is not appealable if it is an order which directs consequences only if the defendant fails to purge himself of his contempt. *Tell v. Tell,* 383 N.W.2d 678, 685 (Minn. 1986); *Becker v. Becker,* 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974). In the present case however, the court has found contempt and imposed fines, costs and attorney fees. There are no conditions and no means by which Schmidt can purge himself of the contempt. It is a final order and thus properly before this court on appeal.

II

 Civil contempt is defined as the failure to obey a court order which benefits

an opposing party in a civil proceeding. The sanction imposed for such failure is ordered primarily to encourage future compliance with the order and to vindicate the rights of the opposing party. *Minnesota State Bar Association v. Divorce Assistance Association, Inc.*, 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976). The rationale for such power is to provide the trial court with the means to enforce its orders. The trial court has inherently broad discretion to hold an individual in contempt when "the contemnor has acted 'contumaciously, in bad faith, and out of disrespect for the judicial process.'" *Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986) (quoting *Minnesota State Bar Association v. Divorce Assistance Association, Inc.*, 311 Minn. 276, 284, 248 N.W.2d 733, 740 (1976)).

■ The failure to obey a court order in favor of an opposing party in a civil proceeding constitutes constructive civil contempt which is punishable and enforceable by fine or imprisonment. Minn.Stat. § 588.01, subd. 3(3) (1984); Minn.Stat. § 588.02 (1984); *Westgor v. Grimm*, 381 N.W.2d 877, 879 (Minn.Ct.App.1986). Under Minn.Stat. § 588.11 (1984):

> If any actual loss or injury to a party in an action or special proceeding, prejudicial to his right therein, is caused by such contempt, the court or officer, in addition to the fine or imprisonment imposed therefor, may order the person guilty of the contempt to pay the party aggrieved a sum of money sufficient to indemnify him and satisfy his costs and expenses, including a reasonable attorney's fee incurred in the prosecution of such contempt, * * *.

The trial court judge made the following findings:

1. Appellant's sole defense was that Steven Fenn deleted the files without his knowledge or consent.

2. It is too much of a coincidence that Fenn just happened to delete the files on the day that the court ordered a file save with no deletions.

3. The court did not believe that during the period from 1:00 p.m. to 5:00 p.m., when respondents were refused access to the computer, that appellants were unaware that Fenn was deleting files.

4. Certain activities of appellant's employees actually facilitated the file deletion.

Based on these findings of fact the court found Schmidt in contempt.

■ When reviewing a contempt order, the appellate court may reverse or modify only if it finds the trial court abused its discretion. *Erickson*, 385 N.W.2d at 304. There is evidence to support the trial court's findings. The record shows that appellant notified Fenn of the imminent court order and that Fenn began his deletion process shortly thereafter. The record also shows that Schmidt prevented Time-Share from gaining access to the computer while the deletions were occurring. Additional testimony indicated that Schmidt's employees undertook certain activities with respect to the computer which allowed the deletions to occur.

■ The trial court awarded $3,000 to cover the costs and attorney's fees incurred in the prosecution of the contempt. The record supports the reasonableness of this award and we affirm this award. The trial court also awarded $2,500 to indemnify Time-Share for the contemnors' wrongful activities. However, "indemnity must be based on proof of damages actually suffered or it cannot be sustained." *Westgor*, 381 N.W.2d at 880. *See also Campbell v. Motion Picture Machine Operators*, 151 Minn. 238, 242, 186 N.W. 787, 789 (1922). There is no evidence to show the amount of damages Time-Share suffered as a result of Schmidt's activities. This award cannot be sustained without proof.

### DECISION

A finding of contempt from which contemnor cannot purge himself is an appealable order. There is no evidence that the trial court abused its discretion in finding the appellant in contempt. The trial court finding of contempt and award of costs and attorney's fees is affirmed. We remand

for proof of damages for the award of $2,500.

Affirmed in part, reversed in part and remand for proof of damages.