**In re the Marriage of Natalie JOHNSON, Petitioner, Appellant,**

v.

**Carl Peter JOHNSON, Respondent.**

**No. CO–89–589.**

Court of Appeals of Minnesota.

May 9, 1989.

Jack S. Jaycox, Kirk A. Myhra, Jack S. Jaycox Law Offices, Bloomington, for petitioner, appellant.

Robert J. Hajek, Warchol, Berndt & Hajek, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and NORTON and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The parties' marriage was dissolved in 1984. In October 1988 a contempt hearing was held regarding allegations that appellant Natalie Johnson had violated the terms of the original judgment and decree and an April 15, 1985 order. By order on November 29, 1988, the trial court found Natalie in contempt on numerous grounds and ordered that she be psychologically evaluated.[1] No sanctions were imposed at the time; instead, the trial court continued the matter subject to Natalie's psychological evaluation. The order of contempt specifically stated that appropriate sanctions would be imposed after a subsequent hearing.

Natalie moved for amended findings of fact, conclusions of law and order or, in the alternative, a new trial. On February 8, 1989 the trial court issued amended findings of fact, conclusions of law and an order denying Natalie's motion for a new trial. Natalie filed this appeal on March 29, 1989. This court directed the parties to file memoranda on jurisdiction.

### DECISION

A conditional contempt order, which provides a method by which the contemnor may purge the contempt, is not a final appealable order. *Tell v. Tell,* 383 N.W.2d 678, 684 (Minn.1986). An order finding a party in contempt and immediately imposing a sentence is appealable under Minn.R. Civ.App.P. 103.03(e) (an order which, in effect, determines the action and prevents entry of a judgment from which appeal may be taken is appealable). *Maher v. Maher,* 393 N.W.2d 190, 195 (Minn.Ct.App. 1986). A finding of contempt which cannot be purged is appealable. *Time–Share Systems, Inc. v. Schmidt,* 397 N.W.2d 438 (Minn.Ct.App.1986).

In the present case, although the trial court found Natalie in contempt of court, no sanction has yet been imposed. This appeal is premature. The proper appeal is from an order imposing immediate sanctions, at which time Natalie may obtain review of the underlying November 29, 1988 contempt order. *See* Minn.R.Civ.App. P. 103.04.

A motion for a new trial is an anomaly where there has been no trial and the denial of such a motion is not appealable. *Erickson v. Erickson,* 430 N.W.2d 499, 500 n. 1 (Minn.Ct.App.1988); *Parson v. Argue,* 344 N.W.2d 431 (Minn.Ct.App.1984). A contempt hearing on violation of a dissolu-

---

1. The trial court's order also denied Natalie's motion for modification of custody and visitation. The portion of the order denying modification was appealable. *Angelos v. Angelos,* 367 N.W.2d 518 (Minn.1985). An appeal from an order must be taken within 30 days after service by the adverse party of written notice of filing. Minn.R.Civ.App.P. 104.01. Carl served written notice of filing of the order on December 8, 1988 and the appeal period expired before this appeal was filed on March 29, 1989.

tion decree is not a trial. The order denying Natalie's motion for a "new" trial is not appealable.

Appeal dismissed.