Brad M. HANSON, et al., Respondents,

v.

Dennis THOM, et al., Appellants.

No. C6–01–650.

Court of Appeals of Minnesota.

Dec. 11, 2001.

Michelle L. Lureen, Dennis P. Moriarty, Shakopee, for respondents.

Mark A. Olson, Burnsville, for appellants.

Considered and decided by G. BARRY ANDERSON, Presiding Judge, FOLEY, Judge,* and FORSBERG, Judge.*

## OPINION

G. BARRY ANDERSON, Judge.

This case involves litigation over the use of an appurtenant easement. The district court awarded attorney fees to respondents after it found appellants in contempt. Appellants challenged the award of attorney fees in a post-trial motion. The district court chose not to amend its findings regarding the award of attorney fees. We reverse.

## FACTS

In 1976, appellants Dennis and Jane Thom purchased property on Fish Lake in Scott County, Minnesota. Within appellants' property is a separate parcel of property, then owned by Herbert and Helen McDonald. Keith Unger purchased the property from the McDonalds in 1992.

Unger sold the property to Brad Hanson in 1996.

The dominant Hanson property has an express appurtenant easement from the property to Fish Lake burdening appellants' property. Disputes over the easement have led to litigation and are long-standing.

In July 1993, the district court issued a temporary order, which was meant to protect the then current owner's (Unger's) right to use the easement. The order was issued due to earlier interference with the use of the easement. In May 1994, the district court issued a detailed permanent injunction also meant to protect the use and scope of the easement burdening appellants' property. The parties were again involved in litigation in 1996 (1996 action). This time, Hanson owned the dominant property.

In June 1999, the 1996 action culminated with a district court order finding that Dennis Thom (Thom) had committed nuisance, and Hanson had committed trespass. The district court found that Hanson's trespass did not injure appellants, but that Thom's actions interfered with Hanson's use and enjoyment of his property.

In September 1999, Hanson and Unger (respondents) filed a complaint alleging that Thom was again committing nuisance and alleging that Thom was in contempt of the June 1999 order. The district court found Thom in contempt for erecting a six-foot fence, which turned Hanson's property into a compound. The district court found that although Minn.Stat. § 549.211 (2000) was not the appropriate statute to allow respondents to recover attorney fees, fees could be recovered under § 588.11.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

The district court reviewed billing records submitted by respondents' attorney and determined that the records showed that approximately $8,000 had been expended to litigate the contempt order. The district court consequently awarded that amount to respondents, pursuant to § 588.11. This appeal followed.

## ISSUE

Did the district court err by awarding attorney fees to respondents pursuant to Minn.Stat. § 588.11, where respondents' insurance carrier already paid the fees?

## ANALYSIS

■ This case involves a question of law concerning statutory construction of Minn.Stat. § 588.11. A reviewing court is not bound by, and need not give deference to, a district court's decision on a purely legal issue. *Frost-Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Here, the district court found respondents could recover attorney fees under § 588.11, although a title insurance company had already paid those fees. This is a question of statutory interpretation, which this court reviews de novo.

Minn.Stat. § 588.11 states:

If any actual loss or injury to a party in an action or special proceeding, prejudicial to the person's right therein, is caused by such contempt, the court or officer, in addition to the fine or imprisonment imposed therefor, may order the person guilty of the contempt to *pay the party aggrieved* a sum of money sufficient to *indemnify* the party and satisfy the party's costs and expenses, including a reasonable attorney's fee *incurred* in the prosecution of such contempt, which order, and the acceptance of money

thereunder, shall be a bar to an action for such loss and injury.

Minn.Stat. § 588.11 (emphasis added).

■ Three factors must be present to uphold an award of attorney fees under § 588.11. First, the fees must be based on proof of actual damages. *Westgor v. Grimm*, 381 N.W.2d 877, 880 (Minn.App. 1986). Second, the award must not penalize the contemnor. *Campbell v. Motion Picture Mach. Operators'*, 151 Minn. 238, 242, 186 N.W. 787, 789 (1922). Finally, the party receiving the fees must actually incur the fees. *Time–Share Sys., Inc. v. Schmidt*, 397 N.W.2d 438, 441 (Minn.App. 1986).

There is little doubt that the award here was based on actual damages; the district court made its determination based on its review of the billing records reflecting the amount of attorney fees incurred. No reason has been advanced to this court to disturb that finding.

Next, an award of attorney fees may not be imposed on a contemnor as a penalty. *Campbell*, 151 Minn. at 242, 186 N.W. at 789. The district court carefully reviewed litigation costs and awarded only those fees incurred in bringing the contempt action. There is no evidence in the record that the modest award here was a penalty.

Finally, there must be proof that respondents incurred fees; otherwise, no award of fees should be made. *Time–Share Sys.*, 397 N.W.2d at 441. Further, the party that incurred the fees must be "aggrieved," and the award must indemnify the party. Minn.Stat. § 588.11.

Here, appellants argue that to reimburse respondents for the cost of their attorney fees would incorrectly apply § 588.11 because respondents never "incurred" attorney fees. Appellants contend that it is undisputed that respondents' title insurance company paid the attorney fees;

therefore, respondents should not be awarded those fees.

■ When a statute is unambiguous, this court is required to effectuate the plain meaning of the statute. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996); *see also* Minn.Stat. § 645.08(1) (2000).

■ Minn.Stat. § 588.11 uses very specific language. The statute requires the contemnor to "pay the party aggrieved." "Aggrieved" is defined as, "[h]aving suffered loss or injury; damnified; injured." *Black's Law Dictionary* 65 (6th ed.1990). Second, the payment must "indemnify" the party, satisfying the aggrieved party's costs and expenses. "Indemnify" is defined as, "to restore the victim of a loss, in whole or in part, by payment, repair, or replacement." *Id.* at 769. Finally, the fees must have been "incurred" in the prosecution of the contempt.

> The definition of incur is 'to become liable for,' as distinguished from actually 'pay for.' This definition has been well fixed and delineated in the case law * * *.

*Collins v. Farmers Ins. Exch.*, 271 Minn. 239, 244, 135 N.W.2d 503, 507 (1965) (footnote omitted).

■ Applying these principles, respondents are not entitled to attorney fees under § 588.11. Respondents have not suffered loss or injury because their title insurance company paid their attorney fees, and they are, therefore, not aggrieved. Second, because they suffered no loss, there is no way to indemnify respondents, because they are already "whole." Respondents have made no payment towards the attorney fees, nor has anyone suggested they have an obligation to do so.

Because we find respondents are not aggrieved or entitled to indemnification, and are thus not eligible for an award under § 588.11, it is unnecessary to consider, in some theoretical sense, whether respondents might have incurred liability for the attorney fees.

Because the plain language of § 588.11 does not permit an award of attorney fees to respondents, the judgment of the district court is reversed.

## DECISION

Respondents are not aggrieved and are not entitled to indemnification because they have no costs or expenses. Therefore, respondents are not entitled to an award of attorney fees under Minn.Stat. § 588.11.

**Reversed.**