# Order

Michigan Supreme Court
Lansing, Michigan

December 22, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

150298

_____

*In re* Contempt of KELLY MICHELLE DORSEY.
_____

PEOPLE OF THE STATE OF MICHIGAN,
          Petitioner-Appellee,

v

TYLER MICHAEL DORSEY,
          Respondent,

and

KELLY MICHELLE DORSEY,
          Appellant.

_____/

SC:  150298
COA:  309269
Livingston CC Family Division:
08-012596-DL

On order of the Court, the application for leave to appeal the September 9, 2014 judgment of the Court of Appeals is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we AFFIRM the result reached by the Court of Appeals.  We agree that MCL 712A.2 gave the Livingston Circuit Court Family Division ("family court") subject matter jurisdiction over the juvenile proceeding in which it entered the drug test order underlying the contempt orders.  The appellant has mounted a collateral attack on that order, asserting that the family court lost subject matter jurisdiction because it violated MCL 712A.6.  That argument amounts only to a claim that the court improperly exercised its subject matter jurisdiction to hear the juvenile delinquency case.  The appellant's collateral attack is accordingly barred.  See *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544-545 (1935).  We decline to address whether this Court should adopt any other exceptions to the general rule barring such collateral attacks because, under the circumstances presented in this case, the appellant had a meaningful opportunity to appeal the drug test order, and there is no indication that her rights could not have been vindicated had she pursued an appeal through the normal procedures.   We therefore VACATE that part of the Court of Appeals judgment addressing whether the family court order for random drug screens constituted an illegal search and seizure, because it was unnecessary to decide the case.

However, the appellee conceded in its first supplemental brief that the appellant may be entitled to some form of relief. See *Rose v Aaron*, 345 Mich 613, 615 (1956) ("We do not think, in view of the circumstances of this case and the provisions of the lower court's order, that that court is called upon to protect its dignity by resentencing defendant for violation of a temporary restraining order improperly entered."), citing *Holland v Weed*, 87 Mich 584, 590 (1891). Given that the appellee conceded the underlying order was improperly entered, and that enforcement of the contempt orders has been stayed pending appeal, the Livingston Circuit Court Family Division shall not be required to enforce the contempt orders on remand.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 22, 2016



Clerk

d1214