**Ronald Wayne HOWARD,
Petitioner, Respondent,**

v.

**CITY OF ST. LOUIS PARK, Appellant.**

No. C7–90–1941.

Court of Appeals of Minnesota.

March 12, 1991.

Donald H. Nichols, James H. Kaster, Nichols, Kaster & Anderson, Minneapolis, for respondent.

Andrew D. Parker, William J. Everett, Popham, Haik, Schnobrich & Kaufman, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for amicus curiae Com'r of Public Safety.

Carla Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by CRIPPEN, P.J., and LANSING and PETERSON, JJ.

## OPINION

CRIPPEN, Judge.

Ronald Wayne Howard's driver's license was revoked pursuant to the implied consent law, and he petitioned for judicial review. Howard subpoenaed two police officers to produce documents and be deposed. The trial court denied the officers' motion to quash the subpoenas and ordered them to comply with the discovery requests without further payment of fees or costs by Howard. The police officers and the City of St. Louis Park appeal.

## FACTS

After respondent Howard was arrested for driving while under the influence by officers from the St. Louis Park Police Department, his driver's license was revoked pursuant to the implied consent law. Minn.Stat. § 169.123, subd. 4 (Supp.1989). As permitted by statute, he petitioned for judicial review. Id. § 169.123, subd. 5c. The Commissioner of Public Safety moved to dismiss the petition on the grounds that Howard failed to comply with the requirement of section 169.123, subd. 5c to "state the facts underlying each claim asserted," or, in the alternative, asking Howard to remove from the petition any claim lacking this support.

Howard then served subpoenas on the officers, apparently in response to the Commissioner's motion. The subpoenas commanded the deponents to appear for deposition and to produce various documents relating to testing devices and to the arresting and testing officers. Howard sent each officer a check in the amount of $14.20 for statutory witness fees.

The officers and the City of St. Louis Park moved to quash the subpoenas. An affidavit attached to the motion indicated that officers would be paid at least $52 each for appearances during off duty hours.

At the hearing, the officers argued they were not parties and were therefore entitled to reasonable compensation at their usual rate of pay for providing testimony during their deposition pursuant to Minn.R. Civ.P. 45.06. No evidence was presented as to the annual cost to the city for police appearances of this type.[1] The officers and city also asserted that Howard should be required to pay the city for photocopying requested documents at a rate of fifty cents per page and labor costs. Howard argued that the officers were not entitled to witness fees, and contended the amount the city claimed for photocopying was not reasonable. The trial court ordered the officers to comply with the discovery requests without additional costs to Howard.

In accordance with the order, the officers appeared for their deposition and produced documents without receiving additional compensation. After completing his discovery, Howard withdrew his petition for judicial review. The city and police officers appeal the discovery order. We affirm on the issue of appearance fees but reverse and remand on the claim of costs for producing documents.

## ISSUES

1. Are witness fees appropriately awarded to municipal police pursuant to Minn.R.Civ.P. 45.06 for appearances at dep-

---

1. The city's affidavit indicated St. Louis Park police had been involved in 570 DWI arrests in 1989. No evidence showed how many of these cases were scrutinized in proceedings for judicial review of license revocation.

ositions taken in connection with an implied consent proceeding?

2. Is the city entitled to recover from the driver the costs, if any, for producing requested documents?

## ANALYSIS

### I

■ An implied consent action is a civil proceeding. *State, Dep't of Pub. Safety v. Mulvihill*, 303 Minn. 361, 368, 227 N.W.2d 813, 818 (1975). Notwithstanding this fact, it is a unique creature of statute and is integrated into the traffic code as auxiliary to criminal provisions.

The status of those participating in the case is also unique. This is characterized by the parties' disagreement about whether the proceeding is initiated by the Commissioner through the initial revocation notice or by the driver in initiating the judicial proceeding. *See* Minn.Stat. § 169.123, subd. 5c (Supp.1989) (in implied consent proceeding, driver is petitioner and Commissioner is respondent). While there is no question the proceedings are civil in nature, we cannot disregard the peculiar character of the proceedings as a creature of statute.

■ The precise issue which arises in this case is whether the police officers are entitled to compensation for time and expense under Minn.R.Civ.P. 45.06. That rule provides in part:

> Subject to the provisions of Rules 26.02 and 26.03, a witness who is not a party to the action or an employee of a party [except a person appointed pursuant to Rule 30.02(f) ] and who is required to give testimony or produce documents relating to a profession, business, or trade, or relating to knowledge, information, or facts obtained as a result of activities in such profession, business, or trade, is entitled to reasonable compensation for the time and expense involved in preparing for and giving such testimony or producing such documents.

*Id.* The officers contend they are "not a party to the action" and therefore are entitled to compensation under the rule.

In statutory implied consent proceedings, the police role is difficult to characterize. The police in fact are critical agents of the Commissioner, and serve the Commissioner in initiating the revocation. Minn.Stat. § 169.123, subd. 5a (Supp.1989). (*See State ex rel. Young v. Robinson*, 101 Minn. 277, 283, 112 N.W. 269, 270 (1907) ("in so far as the general laws of the state operate and have force and effect within the municipality, and the officers thereof are charged with their enforcement, the municipality and its officers are the agents, and subject to the command and control of the state government at all times"). The city does not question that the officers appear voluntarily on behalf of the Commissioner without fees or demand for payment of expenses.[2] The Commissioner's case is the fruit of policing activity, and depends entirely upon the testimony of the police officers.

Appellant contends that police officers nevertheless have not been classified as parties in an implied consent proceeding. Our holding here, however, is not dependent upon a determination that the police officers are parties. Rather, we reach the more specific conclusion that municipal officers in these unique statutory proceedings cannot be classified as nonparty witnesses entitled to fees under Rule 45.06. While not controlling, we also find guidance in the aims behind Minn.Stat. § 357.13, subd. 1 (1988), which provides that a police officer may not receive witness fees for suits or prosecutions brought in the name of the state.

We are mindful of policy reasons that dictate this result. These include encouraging discovery and inexpensive process, and providing equal access to information. We note that in light of the requirement that a petitioner state the facts which form the basis of the claims, Minn.Stat.

2. The city asserts the driver can also gain discovery through informal contacts with the police. We view this claim as unrealistic, failing to recognize adverse positions of the police officers and the driver.

§ 169.123, subd. 5c, discovery is needed to permit the case to go forward.

Finally, we note Howard also raises due process claims. Because the issue is decided on other grounds, we decline to analyze the constitutional issues. It is significant, however, that by denying a barrier of fee expense for drivers seeking judicial review, due process in these cases is solidified.

## II

■ Howard requested that the police officers produce certain documents. At the hearing, there was disagreement as to the reasonableness of the costs of photocopying the requested documents. The trial court did not rule on the reasonableness of the costs, but instead ordered the officers to comply with all reasonable discovery requests without additional costs. Under Minn.R.Civ.P. 45.02, the city is entitled to recover reasonable costs of producing the documents. *See also* Minn.Stat. § 13.03, subd. 3 (1988) (person requesting public government data may be required to pay costs of photocopying). Our analysis of the application of Rule 45.06 does not affect this result. We reverse the trial court's decision on this issue and remand for a determination of the reasonableness of costs, if any, in document disclosures demanded here by the driver.

## DECISION

We affirm the trial court order compelling appearances without payment of non-party witness fees. The court's order on costs for producing documents is reversed and remanded.

Affirmed in part, reversed in part, and remanded.