**Carl BOWMAN, Lower Court Petitioner,**

v.

**Brenda BOWMAN, Respondent,**

**Frank Bowman, Appellant.**

**No. C9–92–388.**

Court of Appeals of Minnesota.

Dec. 8, 1992.

Joseph M. Boyle, International Falls, for
respondent.

Steven A. Nelson, International Falls, for appellant.

Considered and decided by AMUNDSON, P.J., and LANSING and PETERSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant, a nonparty witness, was subpoenaed to testify and produce business records at a deposition. Appellant challenges the trial court orders denying him reimbursement for the reasonable expense of testifying and producing the documents, finding him in contempt of court and ordering him to pay respondent's attorney fees. We affirm in part, reverse in part and remand.

## FACTS

Appellant Frank Bowman and his son Carl Bowman were partners in the Bowman Construction Company. Appellant was subpoenaed to testify and produce business records of the company at a deposition in the dissolution proceeding between his son and respondent Brenda Bowman. At issue was the value of Carl Bowman's interest in the partnership.

Several subpoenas were issued ordering appellant to appear. Appellant did not appear at the first scheduled deposition and walked out of another deposition without producing certain documents. The trial court later held appellant in conditional contempt of court and provided him with conditions to purge the contempt. The trial court, however, never issued a final contempt order.

Additionally, throughout the course of these acrimonious proceedings, numerous motions were made and hearings held. Nearly two years after the original subpoena, appellant supplied the necessary information. Subsequently, the trial court ordered appellant to pay $11,945.27 of respondent's attorney fees due to appellant's failure to comply with discovery orders, which resulted in increased litigation. The trial court denied appellant's motion for reimbursement of expenses incurred in providing the documents and giving testimony.

On appeal, appellant argues the trial court erred in (1) denying reimbursement of his reasonable expenses incurred in testifying and producing the documents requested by respondent; (2) holding him in contempt; and (3) ordering him to pay $11,-945.27 of respondent's attorney fees.

## ISSUES

1. Did the trial court err in failing to award appellant, a non-party witness, his reasonable expenses incurred in preparing for and giving testimony at a deposition and producing business records pursuant to a subpoena duces tecum?

2. Is appellant improperly challenging a conditional contempt order on appeal?

3. Did the trial court err in ordering appellant to pay $11,945.27 of respondent's attorney fees?

## ANALYSIS

I. *Non–Party Witness Expenses*

The trial court denied appellant reimbursement for the expenses he incurred in testifying and producing the subpoenaed documents due to his misconduct in delaying production of the documents. However, the decision to award expenses to a non-party witness is not discretionary. Minn.R.Civ.P. 45.06. Appellant is entitled to his reasonable expenses as a matter of law. Therefore, we need not give deference to the trial court's determination of a purely legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Appellant's motion to quash the second set of subpoenas specifically alleged respondent failed to comply with Minnesota Rule of Civil Procedure 45.06. The clear language of Rule 45.06 requires that appellant be reimbursed for his reasonable expenses incurred in testifying and producing the documents subpoenaed by respondent. Rule 45.06 provides in part:

> [A] witness who is not a party to the action or an employee of a party * * * who is required to give testimony or

*produce documents* relating to a profession, business, or trade, or relating to knowledge, information, or facts obtained as a result of activities in such profession, business, or trade is *entitled to reasonable compensation* for the time and expense involved in preparing for and giving such testimony or producing such documents.

The party serving the subpoena shall make arrangements for such reasonable compensation prior to the time of taking such testimony.

(Emphasis added.)

The language used in Rule 45.06 is mandatory—under the rule appellant is "entitled" to compensation and the serving party "shall" make arrangements for compensation. Rule 45.06 as it now exists, became part of the rules in 1985. The advisory committee note to the rule stated:

The new Rule 45.06 would *mandate* reimbursement to non-parties who are required to spend inordinate amounts of time or incur other unusual expenses in preparing for and complying with a subpoena. The rule does not necessarily require the reimbursement of nominal expenses * * * At a minimum, such non-parties are entitled to reasonable compensation for their efforts.

(Emphasis added.)

Rule 45.06 leaves no room for the trial court to exercise any discretion in deciding whether or not to award costs. Therefore, even though appellant may have committed misconduct, he is still entitled to an award of compensation. Accordingly, we reverse the trial court's denial of compensation and remand to the court for findings to determine the "reasonable" expenses incurred by appellant in testifying and producing the subpoenaed documents. We note the trial court should not award expenses incurred by appellant due to his delay in the discovery process or other misconduct, as these expenses would be unreasonable.

## II. *Contempt*

■ The trial court issued a contempt order finding appellant in contempt for failing to provide the previously ordered books and records and for leaving a deposition. The order provided several conditions for appellant to purge the contempt, including his appearance at a deposition with the requested documents. Appellant previously sought review of this order. This court dismissed the appeal in an order opinion, citing *Johnson v. Johnson,* 439 N.W.2d 430, 431 (Minn.App.1989) for the proposition that a conditional contempt order, which provides a method by which the contemnor may purge the contempt, is not a final appealable order.

Appellant again challenges the contempt order in this appeal. The trial court, however, never issued a final contempt order finding that appellant inexcusably failed to comply with the purge conditions. The trial court noted that a contempt finding would have been warranted and proper under the circumstances, but would have served no useful purpose. Thus the court declined to issue a final contempt order. Accordingly, appellant may not seek review of the contempt order in this appeal.

## III. *Attorney Fees*

The trial court ordered appellant to pay $11,945.27 of respondent's attorneys fees, reasoning that appellant's

abuse and failure to comply with discovery and obey said court orders directly resulted in litigation and related legal work and expenses, costing the respondent * * * $11,945.27.

The court further stated that appellant

willfully failed to comply with this court's prior orders compelling and directing discovery and the procurement of certain documents for inspection by the respondent and that said failure to comply is without justification and excuse.

\* \* \* \* \* \*

The court further finds that [appellant's] past refusals to comply with discovery necessitated respondent to bring the present motion and in the past required the respondent to bring numerous other motions, thus the respondent expended various sums and related costs and attorney fees which she wouldn't normally

have had to expend except for [appellant's] refusal to comply with discovery.

■ Appellant argues the trial court did not have authority to award attorney fees against him because he was a nonparty witness. We disagree. Attorney fees are not recoverable in litigation unless there is a specific contract permitting or statute authorizing such recovery. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). The choice of a sanction for failure to comply with a discovery order is a matter within the trial court's discretion. *Chicago Greatwestern Office Condo. Assoc. v. Brooks*, 427 N.W.2d 728, 730 (Minn.App.1988).

■ Appellant correctly points out that the award of attorney fees in this case cannot be considered part of the court's contempt power, since the trial court did not make a final contempt finding in conjunction with the attorney fees award.[1] Thus there must be an independent basis, other than the court's contempt power, to sustain the attorney fees award.

We hold an award of attorney fees was proper under Minn.R.Civ.P. 37. Rule 37.01 provides in relevant part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(a) An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deponent's failure to answer questions propounded or submitted pursuant to Rule 30 or Rule 31, to the court in the county where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the county where the deposition is being taken.

\*     \*     \*     \*     \*     \*

(d) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion \* \* \* *to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees.*

(Emphasis added.)

Rule 37.01 applies to motions to compel parties to produce documents and motions to compel nonparties to attend depositions, but not motions to compel nonparties to produce documents. In the present case, appellant failed to appear at one deposition and walked out of another before the deposition was over. These delays contributed to the additional attorney fees incurred by respondent. Thus the award was, at least in part, authorized by Rule 37.01.

The award of attorney fees was also justified under Minn.R.Civ.P. 37.02, which provides in relevant part:

(b) If a party or an officer, director, employee, or managing agent of a party \* \* \* fails to obey an order to provide or permit discovery \* \* \* the court in which the action is pending may make such orders in regard to the failure as are just.

\*     \*     \*     \*     \*     \*

[T]he court shall require the party failing to obey the order \* \* \* *to pay the reasonable expenses, including attorney fees,* caused by the failure, unless the court finds that the failure was substantially justified or that other circum-

---

1. Minn.R.Civ.P. 45.07 provides: "Failure to obey a subpoena without adequate excuse is a contempt of court." It is clear that attorney fees may be awarded as part of the contempt proceeding:

   If any actual loss or injury to a party in an action or special proceeding, prejudicial to the person's right therein, is caused by such contempt, the court or officer, in addition to the fine or imprisonment imposed therefor, may order the person guilty of the contempt *to pay* the party aggrieved a sum of money sufficient to indemnify the party and satisfy the party's costs and expenses, including a reasonable attorney's fee incurred in the prosecution of such contempt.

   Minn.Stat. § 588.11 (1990) (emphasis added); *see also* D.D. Wozniak & Cynthia L. Lehr, *Dealing with a Double–Edged Sword: A Practical Guide to Contempt Law in Minnesota*, 18 Wm.Mitchell L.Rev. 7, 17 (1992).

stances make an award of expenses unjust.

(Emphasis added.)

Appellant argues Rule 37.02 is not applicable to him because he is a nonparty. While we recognize appellant is a nonparty, he was brought into this litigation as a result of his role as a partner in the Bowman Construction Company. Because appellant was an officer in the partnership, the trial court was authorized to issue a "just" order in regard to his failure to produce the required documents, including an award of attorney fees. Accordingly, the attorney fees award is also supported by Minn.R.Civ.P. 37.02.

 Appellant also challenges the amount of the award. It is fundamental that the reasonable value of attorney fees is a question of fact, and the findings of the trial court must be upheld by a reviewing court unless clearly erroneous. *Amerman v. Lakeland Dev. Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 400–01 (1973).

A court's determination of reasonableness of attorney fees must be based either upon its observation of the services performed or proof of their value. *Campbell v. Motion Picture Mach. Operators*, 151 Minn. 238, 242, 186 N.W. 787, 789 (1922) (contempt proceeding). In its order for attorney fees, the trial court found

> [appellant] responsible for this long and tedious and expensive series of legal encounters. Had he complied with discovery initially as he has now done, these many months of legal hassling would not have happened. His refusal to comply with discovery was totally unjustified and without merit and it constitutes, at the very least, bad faith. Thus he is responsible for all costs and expenses incurred by the respondent in enforcing her rights to discovery.

The trial court concluded:

> [T]he expenditure of said sums [$11,-945.27] by the respondent over the course of almost two years and many hearings is not an unreasonable expenditure and the legal fees and expenses charged are not unreasonable.

Based on the record before us, we conclude the trial court did not abuse its discretion in determining $11,945.27 represents the reasonable value of the expenses, including attorney fees, incurred by respondent due to appellant's misconduct in the discovery process. Accordingly, we affirm the award of attorney fees to respondent.

## DECISION

We hold the trial court erred in failing to award appellant his reasonable expenses incurred in giving testimony and providing business records under Minn.R.Civ.P. 45.06 and remand this issue to the trial court for findings to determine appellant's reasonable compensation. We affirm, however, the award of attorney fees to respondent as a proper exercise of the court's powers under Minn.R.Civ.P. 37.

Affirmed in part, reversed in part and remanded.