WICK BUILDING SYSTEMS,
INC., Plaintiff,

v.

EMPLOYERS INSURANCE OF
WAUSAU, et al., Respondents,

Donald J. Brown, et al., Appellants.

No. C4-95-2192.

Court of Appeals of Minnesota.

April 30, 1996.

Richard M. Hagstrom, Scott J. Ryskoski, Zelle & Larson, Minneapolis, for Respondents.

Thomas H. Boyd, Benjamin R. Mulcahy, Winthrop & Weinstine, P.A., Minneapolis, for Appellants.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant attorneys challenge the district court's ruling that they are not entitled to compensation under Minn. R. Civ. P. 45.06 for their time and expense in preparing for and giving testimony to produce documents in response to subpoenas duces tecum. We reverse.

## FACTS

Appellants Lloyd Grooms and Donald Brown are attorneys. They represented Wick Building Systems, Inc. (Wick), in settlement negotiations on an insurance claim against respondent Employers Insurance of Wausau (Wausau). Wick claims that the parties had nearly reached a settlement on the claim when the Wisconsin Supreme Court issued a decision that Wausau believed negated its duty to defend and indemnify Wick. The settlement fell through and Wick is now suing Wausau (and others) in a Wisconsin action relating to those negotiations.

Initially, appellants represented Wick, but because of their previous representation in the negotiations and their probable role as witnesses, the Wisconsin trial court ruled that appellants were precluded from appearing as counsel in the litigation. They continue to be involved in the Wisconsin litigation as "necessary witnesses."

Wausau served subpoenas duces tecum on appellants. In response, appellants moved, pursuant to Minn. R. Civ. P. 45.06, to compel Wausau to compensate them for the time and expense involved in complying with the subpoena. The trial court denied appellants' motion.

## ISSUES

I. Does Minn. R. Civ. P. 45.06 entitle attorneys to reasonable compensation for their time and expense in complying with subpoenas duces tecum in a lawsuit when the suit arose out of failed settlement talks in which the attorneys participated?

II. Does Minn.Stat. § 357.30 (1994) preclude attorneys from receiving compensation under Minn. R. Civ. P. 45.06?

## ANALYSIS

■ The issues presented are purely matters of law. Therefore, we need not give deference to the trial court's determination. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984).

### I.

Minn. R. Civ. P. 45.06 creates a right for a non-party witness to recover expenses involved in complying with a subpoena request for testimony or for the production of documents. The rule states, in pertinent part:

[A] witness *who is not a party to the action or an employee of a party * * * * and who is required to give testimony or produce documents relating to a profession, business, or trade, or relating to knowledge, information, or facts obtained as a result of activities in such profession, business, or trade, is entitled to reasonable compensation for the time and expense involved in preparing for and giving such testimony or producing such documents.

Minn. R. Civ. P. 45.06 (emphasis added).

■ Appellants contend that they are neither parties nor employees of a party to the action and therefore are entitled to compensation under the rule. For the contrary conclusion, Wausau relies on *Howard v. City of St. Louis Park,* 466 N.W.2d 759 (Minn. App.1991). In *Howard,* two subpoenaed police officers sought compensation pursuant to Minn. R. Civ. P. 45.06 for deposition appearances taken in connection with an implied consent proceeding. *Id.* at 760. This court denied their request, noting that in revocation proceedings police officers appear volun-

tarily on the Commissioner's behalf and are the Commissioner's "critical agents". *Id.* at 761. Seeking to encourage discovery and inexpensive process, and to provide equal access to information, the court held that "municipal officers in these *unique statutory proceedings* cannot be classified as nonparty witnesses entitled to fees under Rule 45.06." *Id.* (emphasis added).

■ In contrast to *Howard,* the present case is not a unique statutory proceeding, nor does it involve due process claims. The only similarity is the parties' past or current status as non-employee agents. Minn.Stat. § 481.08 (1994) (referring to attorneys' authority in agency terms); *Schumann v. Northtown Ins. Agency,* 452 N.W.2d 482, 483–84 (Minn.App.1990) (same). But Minn. R. Civ. P. 45.06 does not provide that agents in general are denied compensation; it only prohibits parties and their "employees" from receiving witness compensation. The rule "leaves no room * * * to exercise any discretion in deciding whether or not to award costs." *Bowman v. Bowman,* 493 N.W.2d 141, 144 (Minn.App.1992). Because these costs are not discretionary and appellants are neither parties to the Wisconsin litigation nor employees of a party, they are entitled to reasonable compensation under Minn. R. Civ. P. 45.06.[1]

### II.

■ In pertinent part, Minn.Stat. § 357.30 states: "No attorney or counsel in any cause shall be allowed witness fees therein." The question arises here whether this statute might preclude appellants from receiving reasonable compensation under Minn. R. Civ. P. 45.06. We hold that it does not.

■ First, to the extent that a statute conflicts with a rule's procedural, pleading, or practice edict, the rule generally prevails. *See* Minn. R. Civ. P. 81.01(c) (certain statutes that conflict with rules are superseded insofar as they apply to pleading, practice, and procedure in the district court). Second, the underlying cause of the original dispute was an insurance claim, distinct from the current Wisconsin litigation, which involves allega-

1. Neither party suggested that Wisconsin law might apply.

tions that Wausau made misrepresentations in the settlement negotiations. Thus, the current cause in which appellants seek reasonable compensation for subpoena compliance is not one in which they are acting as attorneys or counsel. Third, Minn.Stat. § 357.30 by its terms applies to statutory "witness fees," not "reasonable compensation" under Minn. R. Civ. P. 45.06.

## DECISION

The district court wrongly denied appellants' motion to compel Wausau to compensate them pursuant to Minn. R. Civ. P. 45.06. Appellants are entitled to reasonable compensation for complying with the subpoenas duces tecum.

**Reversed.**