John Paul WEIERKE, petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C9-97-1740.

Court of Appeals of Minnesota.

June 2, 1998.

Richard L. Swanson, Chaska, for appellant.

Hubert H. Humphrey III, Attorney General, Joel A. Watne, Assistant Attorney General, for respondent.

Considered and decided by PETERSON, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

John Paul Weierke, appealing from a trial court order sustaining the revocation of his driver's license, challenges the lawfulness of the Intoxilyzer test of a sample that exceeded the minimum adequate sample. We affirm.

## FACTS

After his arrest for DWI in June 1997, appellant submitted to an Intoxilyzer test and gave two adequate breath samples producing readings of .132, .136, .134, and .135 and a reported value of .13 with a 99% breath correlation. Based on this test result, the commissioner of public safety revoked appellant's driver's license.

At the revocation hearing, appellant argued that an excessive quantity of breath was tested. More specifically, he argued that the testing occurred when the sample had grown larger than the amount indicated as adequate on the machine. Thus, he disputed that there was proper proof of a .10 or greater alcohol concentration because the chemical test was not lawful under Minn. Stat. § 169.123, subd. 2b (1996), which calls for analysis of an "adequate breath sample." The trial court sustained the revocation.

## ISSUE

Does the implied consent statute require that a sample not exceed the quantity that is adequate?

## ANALYSIS

Appellant contends that the evidence used against him was unlawful. This court will uphold the trial court's decision unless it erroneously applied the law to the facts. *Dehn v. Commissioner of Pub. Safety,* 394 N.W.2d 272, 273 (Minn.App.1986).

### 1. Lawful Breath Sample.

The governing statute dictates a minimum quantity for a sample but does not suggest that the sample may not be larger than the minimum. But Minn. R. 7502.0410 (1997) authorizes the Bureau of Criminal Apprehension to establish the procedures for analyzing breath samples and Minn. R. 7502.0430, subpt. 2 (1997), provides that any sample accepted as valid by the Intoxilyzer 5000 is considered adequate.[1] *See* Minn.Stat. § 169.128 (1996) (authorizing the promulgation of rules to carry out section 169.123).

Appellant also failed to show either that this application of statutory law prejudiced his interests or that the legislature intended a different result. Minn.Stat. § 645.16 (1996). More specifically, appellant has not shown that a quantity of breath greater than the minimum adequate sample produces a higher alcohol concentration result[2] or that it inaccurately reflects the actual alcohol concentration in the body.

### 2. Due Process.

Appellant also contends that requiring him to provide more than the minimum adequate breath sample is a violation of his right to due process and a fair trial. This claim is not properly before the court because it was not raised or argued at the revocation hearing. *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988) (noting that this court will generally not consider matters that were not raised and decided in the trial court). We refrain from reviewing the question in this case.

### 3. Necessity.

Appellant contends that he adequately raised the necessity defense. The necessity defense applies in emergency situations were peril is imminent and the defendant has no other option but to violate the law. *State v. Johnson,* 289 Minn. 196, 197, 183 N.W.2d 541, 543 (1971). The record includes no evidence of an emergency requiring appellant to drink and drive, and appellant freely admits he had other options available. Furthermore, it has not been determined that the necessity defense is available in implied consent cases.

## DECISION

The trial court properly sustained the revocation of appellant's driver's license. The implied consent statute does not require testing at the precise point at which a minimum adequate breath sample is provided and it permits testing of a sample that is greater than the minimum adequate sample indicated by the Intoxilyzer machine. Moreover, in this case, appellant has not shown that testing a larger than minimum adequate sample prejudiced his interests in any manner.

**Affirmed.**

---

1. It is undisputed that the Intoxilyzer 5000 will reject a sample that is too small, but will test any sample above the minimum standard for adequacy.

2. Appellant did not offer evidence as to the actual or likely result of testing the minimum adequate quantity of his breath. That proof is not provided by the admission of the test operator, who testified that he did not know if the value was more than .10 at that point.