**Raymond T. KARSIAN, et al., individually, and for and on behalf of themselves and all other annuity holders similarly situated, and their heirs, assigns, subrogees, and representatives, Plaintiffs,**

v.

**INTER–REGIONAL FINANCIAL GROUP, INC., n/k/a Interra Financial Incorporated and Dain Bosworth, Incorporated, Defendants.**

No. CIV.A. 93–D–1806.

United States District Court,
D. Colorado.

Aug. 7, 1998.

Daniel M. Reilly, Julie McCurdy Williamson, McKenna & Cuneo, L.L.P., Gerald P. McDermott, McDermott & Hansen, Larry S. Pozner, Denver, CO, for Plaintiffs.

Roger Magnusson, James B. Lynch, Dorsey & Whitney, Minneapolis, MN, Stephen D. Bell, Dorsey & Whitney, Michael G. Bohn, John A. Kintzele, Frank D. O'Loughlin, Alan W. Andereson, Rothgerber, Appel, Powers & Johnson, Denver, CO, for Defendants.

## ORDER

DANIEL, District Judge.

THIS MATTER is before the Court on Plaintiffs' Motion To Review Taxation and on Defendants' Objections to Clerk's Taxation of Costs. This civil case was tried from June 10, 1997 through July 3, 1997. The jury reached a verdict in favor of each of the Plaintiffs. It awarded a total of $1,282,500 in economic damages and $1,650,000 in noneconomic damages against both Defendants, and an additional $1,800,000 in punitive damages against Dain Bosworth.

Following the trial, Plaintiffs tendered their bill of costs for review by the Clerk of Court. Plaintiffs' Second Amended Bill of Costs is what the Clerk considered. The Second Amended Bill of Costs requested that pursuant to the categories permitted by 28 U.S.C. § 1920, the Clerk award a total of $165,497.95 in costs as a matter of course and requested that this Court award an additional $228,337.79 in discretionary costs.[1] On November 12, 1997, the Clerk of Court awarded Plaintiffs $163,474.70 in costs. On November 21, 1997, a hearing was conducted to consider the parties' respective positions regarding the Clerk's taxation of costs, and to consider Plaintiffs' request that discretionary costs also be taxed against Defendants. At that hearing, I ordered the parties to jointly file an additional brief addressing issues raised at that hearing. The parties' Joint Submission Regarding Clerk's Taxation of Costs was filed on December 5, 1998. This Order decides the various cost items that are in dispute, taking into account available Tenth Circuit precedent and law from other jurisdictions, and enters a final cost award in favor of Plaintiffs.

### Background

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be awarded to the prevailing party as a matter of course, unless the court otherwise directs. 28 U.S.C. § 1920 defines the terms "costs" as used in Rule 54(d) as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The parties in the present case contest the Clerk of Court's taxation of costs pursuant to subsections (1), (2), (3) and (4) of section 1920, and they disagree as to whether the discretionary costs Plaintiffs seek are properly taxable.

 There is a presumption in favor of awarding costs to the prevailing party. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). The final award of costs rests within the discretion of the court. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir.1997). However, a trial court has no discretion to award costs not contemplated by section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

As a threshold matter, I reject Defendants' arguments that: (1) taxation of costs is premature; (2) the costs should be prorated because the claims of only twelve of 232 potential Colorado plaintiffs were tried in this case; and (3) the Clerk's assessment should be divided by seven to reflect the fact that the majority of Plaintiffs' cost items will be used again in six other related state court actions. The twelve Plaintiffs who prevailed at trial in the present case are entitled to an award of costs associated with that proceeding, regardless of whether additional litigation may occur.

### Section 1920(1) Costs

 Section 1920(1) provides for taxation of costs incurred in obtaining service of

---

1. Discretionary costs are costs that the trial court has the discretion to either award or not award.

This category of costs was not considered by the Clerk of Court.

process. Plaintiffs seek to recover additional section 1920(1) costs not taxed by the Clerk of Court. I note that at the November 21, 1997 hearing, Plaintiffs withdrew their previously made claims to recover section 1920(1) costs associated with George Brunkhorst, James Lunney, and David Evans. In addition, the Court disallows costs for serving Nancy Yankovich and Wiley Sharp, based on Defendants' representation at the hearing that they would have produced those individuals without the requirement of service. However, I award costs for serving James Schacht in the amount of $75.00, and for serving Ed Smith in the amount of $58.40. The Court disallows Plaintiffs' request to tax further section 1920(1) costs associated with Mr. Smith, because the record indicates that the other expenses Plaintiffs seek were incurred by their need to hire out-of-state counsel, and thus were attorney fees and not service of process fees.

| | |
|---|---|
| PREVIOUS § 1920(1) COSTS TAXED: | $253.40 |
| ADDITIONAL § 1920(1) COSTS TAXED: | $133.40 |
| TOTAL § 1920(1) COSTS TAXED: | $386.80 |

### Section 1920(2) Costs

Pursuant to section 1920(2), taxation of costs is provided for costs of depositions necessarily obtained for use in the case. The Clerk of Court previously awarded Plaintiffs section 1920(2) costs in the amount of $80,309.35.

■ *Depositions.* When a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable. *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir. 1983). However, if the deposition was taken simply for discovery purposes, then costs are not recoverable. *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 878 F.Supp. 1417, 1427 (D.Kan.1995), *aff'd,* 76 F.3d 1178 (Fed.Cir. 1996). The Tenth Circuit has held that costs are recoverable where the district court re-

lied on deposition excerpts in deciding a summary judgment motion. *Tilton,* 115 F.3d at 1473. Additionally, costs associated with videotaping a deposition are taxable under section 1920(2). *Id.* at 1477. In certain circumstances, costs are taxable for both the stenographic transcription and the videotaping of depositions. *See id.* at 1477–79.

■ After carefully considering section 1920(2) cost issues, I adopt the following test to determine which deposition costs are taxable: (1) costs for depositions taken solely for discovery purposes or for counsel's convenience are not taxable; (2) costs of both the stenographic transcription and the videotaping of the deposition of individuals who later testified at trial are taxable; (3) costs for depositions cited in summary judgment briefs are taxable; (4) costs of depositions where depositions excerpts were exchanged for use at trial are taxable; (5) for categories 3 and 4 above, only the cost of the stenographic transcript is taxable, unless the witness also testified at trial; (6) costs for depositions of individuals who did not testify at trial or appear on the parties' pretrial order and one of the parties' final witness lists are not taxable, unless these depositions fall into category 3 or 4 above; and (7) costs of the stenographic transcripts of individuals who did not testify at trial but whose names appeared on the pretrial order as well as one of the parties' final witness list are taxable.

At the November 21, 1997 hearing, Plaintiffs withdrew all claims for deposition costs for Richard M. Humphrey, Edward Thomas Stall, Jaccues DuBois, and Victor Dourte, and withdraw their claims for videography costs for George Gilfillan, David Cardinal, Blake Monroe, George Brunkhorst, James Lunney, and Charles Carlsen. Applying the foregoing test to the remaining deposition costs in dispute results in the following allocation of taxable deposition costs:

| Name | Determination | Amount |
|---|---|---|
| W. Podratz | Costs taxed for video fees [2] | $1,472.50<br>1,622.46 |

**2.** The Clerk of Court previously taxed fees for the stenographic transcription of the Podratz, Weis-

er, Quirk, Russ, Payne, and Root depositions.

| Name | Determination | Amount |
|------|---------------|--------|
| | | 297.50 |
| T. Holloran | No costs taxed | |
| S. Lentz | No costs taxed | |
| E. Smith | 50% of steno-graphic and video fees taxed [3] | 507.13 <br> 1,022.63 <br> 459.75 <br> 345.90 |
| R. McFarland | Costs taxed for stenographic fee related to the substantive issues in the case (vol.2), video fees not taxed | 1,267.16 |
| W. Sharp | No costs taxed | |
| M.A. Brophy | Costs taxed for both stenographic and video fees | 950.59 <br> 936.58 <br> 796.17 <br> 796.17 |
| R. Tschetter | No costs taxed | |
| S. DeMarais | No costs taxed | |
| W. Fadden | Costs taxed for stenographic fee only | 983.12 |
| H. Ferguson | Costs taxed for stenographic fee only | 1,095.10 |
| C. Cheney | No costs taxed | |
| M. Tangen | No costs taxed | |
| K. Persons | Costs taxed for stenographic fee only | 502.43 |
| D. Melton | No costs taxed | |
| J. Kerr | No costs taxed | |
| D. Ringsmuth | Costs taxed for both stenographic and video fees, costs for tele-conference not taxed | 742.50 <br> 549.60 <br> 671.75 <br> 542.70 <br> 753.40 <br> 75.00 <br> 605.25 |
| W. Kidd | No costs taxed | |
| G. Krekow | No costs taxed | |
| D. Borgaro | No costs taxed | |
| J. Thompson | Costs taxed for stenographic fee only | 671.75 |
| S. Malloy | Costs taxed for stenographic fee only | 757.15 |

**3.** The Smith deposition falls into both categories 2 and 3 listed above. However, as I discussed at the November 12, 1997 hearing, I find that costs incurred in this deposition are excessive. Therefore, I am reducing the amount of costs taxed for this deponent by 50 percent.

| Name | Determination | Amount |
|------|---------------|--------|
| I. Weiser | Costs taxed for video<br>fees | 1,014.25<br>697.00 |
| R. Quirk | Costs taxed for video<br>fees | 1,025.00<br>1,104.75 |
| B. Russ | Costs taxed for video<br>fees | 1,025.75<br>580.50 |
| J. Kelldorf | No costs taxed | |
| G. Monnin | No costs taxed | |
| L. Patten | Costs taxed for stenographic fee | 364.50 |
| T. Fiflis | No costs taxed | |
| J. Bates | Costs taxed for stenographic fee | 351.40 |
| D. Goelzer | Costs taxed for both<br>stenographic and<br>video fees | 2,124.00<br>(combined charge) |
| H. Alexander | Costs taxed for both<br>stenographic and video<br>fees | 513.19<br>382.66<br>524.38<br>285.94 |
| J. Tait | Costs taxed for both<br>stenographic and video<br>fees | 2,214.90<br>(combined charge) |
| P. Hoblin | Costs taxed for stenographic fee only (one-half of combined steno/video fee) [4] | 1,521.88 |
| B. Lautzenheiser | Costs taxed for stenographic fee only (one-half of combined steno/video fee) | 1,027.00 |
| D. Stice | No costs taxed | |
| L. Hill | No costs taxed | |
| W. Payne | Video costs not taxed | |
| H. Root | Video costs not taxed | |
| B. Day, C. Collier & R. Valladares | Costs taxed for steno-graphic fee | 673.45 |
| B. Smith | No costs taxed | |
| J. Hill | No costs taxed | |
| T. Boyer | No costs taxed | |
| J. Miller | Costs taxed for stenographic fee | 231.25 |

4. Pursuant to the test set out above, Defendants will be taxed for the stenographic transcription but not for the videographing of the Hoblin and Lautzenheiser depositions. Since Plaintiffs were charged a combined fee for both the stenographic transcription and videographing of these depositions, I have taxed half of the combined charge.

| Name | Determination | Amount |
|------|--------------|--------|
| J. Turner | No costs taxed | |
| R. Ewald | No costs taxed | |
| J. Flittie | No costs taxed | |
| J. DelCampo | No costs taxed | |
| S. Fulton | No costs taxed | |
| E. Sarfaty | No costs taxed | |
| J. Driscoll | Costs taxed for stenographic fee only | 318.40 |
| E. Quirk | No costs taxed | |
| T. Kessner | Costs taxed for stenographic fee | 438.60 |
| R. Bilbruck & G. Jackson | Costs taxed for steno- graphic fee only | 493.30 |
| R. Sanner | No costs taxed | |
| B. Poulsen | No costs taxed | |
| R. Bourgeois | No costs taxed | |
| J. Beckstrom | No costs taxed | |

■ *Pretrial Transcripts.* It is within the discretion of the trial court to tax the costs of obtaining copies of pretrial transcripts when the transcripts are necessarily obtained for use in the case. *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 945 (7th Cir.1997); *In re Air Crash Disaster,* 687 F.2d 626, 631–32 (2d Cir.1982). I am persuaded by the arguments raised in Plaintiffs' Motion To Review Taxation that the pretrial transcripts for which Plaintiffs seek an award of costs were necessarily obtained for use in the case. Accordingly, Plaintiffs' entire request for this category of costs is granted, and Defendants will be taxed $3,276.75 for pretrial transcripts.

■ *Daily Trial Transcripts.* As a general rule, taxation of costs for daily copy is not allowed absent prior court approval. *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 878 F.Supp. 1417, 1426 (D.Kan.1995), *aff'd,* 76 F.3d 1178 (Fed.Cir.1996). In the present case, the record indicates that court approval was not sought prior to obtaining daily trial transcripts. In addition, a showing of necessity for daily copy has not been made. I therefore determine that daily transcripts were obtained for the convenience of counsel, and that these costs should not be taxed. I find unpersuasive Plaintiffs' argument that daily transcripts were essential for the preparation of closing arguments and their response to Defendants' post-trial motions.

PREVIOUS § 1920(2) COSTS TAXED: $ 80,309.35
ADDITIONAL § 1920(2) COSTS TAXED: $ 35,336.39
TOTAL § 1920(2) COSTS TAXED: $115,645.74

### Section 1920(3) Costs

■ Witness fees are recoverable as costs under section 1920(3), including fees for attendance at a deposition. 28 U.S.C. § 1821 specifies the amounts allowable in connection with the appearance of witnesses at depositions and at trials. Section 1821(b) provides a $40.00 per diem witness fee for each day's attendance, and also provides for a witness fee for the time necessarily spent going to

and returning from the place where the deposition was taken.

The Clerk of Court taxed witness fees and travel expenses of witnesses appearing for depositions whose depositions were admitted into evidence at trial and for witnesses who testified at trial. Plaintiffs argue that additional witness fees and travel expenses should be taxed. Defendants seek a reduction in the amount of witness fees and expenses taxed by the Clerk.

■ After reviewing the parties' briefs, I agree with Defendants that travel fees in the amount of $590.00 for witness Jerome Seaman were improperly taxed by the Clerk, since Plaintiffs failed to provide receipts for this expense. Additionally, I agree that $452.00 should be deducted from the Clerk's taxation of witness fees incurred by John Bates' two separate trips to the trial. Plaintiffs incurred duplicate expenses with respect to this witness due to Plaintiffs' own decisions regarding the order that they called witnesses at trial. Therefore, costs related to the second trip were not reasonably necessary, and should not have been taxed.

■ I agree with Plaintiffs that pursuant to Minnesota Rule of Civil Procedure 45.06, which provides that a non-party witness is entitled to recover reasonable expenses incurred in testifying and producing documents subpoenaed by a party, additional costs should be taxed in connection with the depositions of witnesses Quirk, Russ, Podratz, Kinsella, Yankovich, Payne, Fadden, Ferguson, Hill, Sharp, and Root. *See Wick Bldg. Sys., Inc. v. Employers Ins. of Wausau*, 546 N.W.2d 306, 308 (Minn.Ct.App.1996); *Bowman v. Bowman*, 493 N.W.2d 141, 143–44 (Minn.Ct.App.1992). Since Defendants refused to produce these witnesses unless Plaintiffs paid the witness fees and expenses allowed under the Minnesota statute, these costs were reasonably incurred by Plaintiffs. Accordingly, witness fees will be taxed as follows:

| Name | Amount Taxed |
|---|---|
| J. Seaman (reduction) | − $ 590.00 |
| J. Bates (reduction) | − 452.00 |
| R. Quirk | 1,900.00 |
| B. Russ | 2,462.29 |
| W. Podratz | 1,053.30 |
| | 1,769.79 |
| D. Kinsella | 610.00 |
| | 2,107.00 |
| N. Yankovich | 2,585.00 |
| Reduction: Reimbursement for one-half of expenses paid by Maslon, Edelman, Borman & Brand for Kinsella and Yankovich expenses | − 1,697.50 |
| W. Payne | 1,852.50 |
| W. Fadden | 1,350.00 |
| H. Ferguson | 2,100.00 |
| L. Hill | 5,375.00 |
| W. Sharp | 3,270.78 |

| Name | Amount Taxed |
|------|-------------:|
| H. Root | 1,210.00 |

■ However, I reject Plaintiffs' argument that witness and travel expenses incurred in connection with the depositions of Holloran, McFarland, and Bilbruck are taxable even though their depositions were not admitted into evidence at trial, since the Minnesota statutory expenses were not paid for these witnesses. Therefore, those costs will not be taxed.

| | |
|---|---:|
| PREVIOUS § 1920(3) COSTS TAXED: | $4,492.65 |
| ADDITIONAL § 1920(3) COSTS TAXED: | $24,906.16 |
| TOTAL § 1920(3) COSTS TAXED: | $29,398.81 |

### Section 1920(4) Costs

■ *Photocopies.* The Clerk of Court taxed the costs of exhibits attached to Plaintiffs' response to Defendants' summary judgment motion, trial exhibits, and jury notebooks. Plaintiffs seek additional photocopying costs, but have not demonstrated with sufficient specificity why these costs were necessarily obtained for use in the case. Therefore, these additional costs will not be taxed.

Defendants object to certain costs for photocopying already taxed by the Clerk because they contend that costs for photocopying discovery documents are not properly taxable. I am not persuaded by the authority cited by Defendants that the taxation of these costs was improper. The test is not whether the documents copied were discovery documents or other types of documents, but rather, whether the documents were necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4); *Tilton,* 115 F.3d at 1476 (upholding district court's determination that costs incurred in photocopying third party documents were reasonably necessary to the litigation).

■ Additionally, I reject Defendants' argument that the Clerk improperly taxed costs associated with binders, index tabs, bates-labeling, and other photocopy-related costs. Such costs, if reasonably necessary to

the case, are taxable under section 1920(4). See *Truck Components Inc. v. Beatrice Co.,* No. 94 C 3228, 1996 WL 402520, at *10 (N.D.Ill. July 15, 1996) and cases cited therein.

For these reasons, I will not adjust the Clerk's taxation of photocopying costs.

■ *Exhibits.* Plaintiffs seek additional section 1920(4) costs, including charges for materials used to prepare exhibits, video editing expenses, and consultant fees. Reasonable costs incurred in preparing exhibits necessarily obtained for use in the case are taxable under section 1920(4). *Mikel v. Kerr,* 499 F.2d 1178, 1182–83 (10th Cir.1974). In *Mikel,* the prevailing defendants sought an award of costs incurred in taking aerial photographs which were used to prepare an exhibit offered for summary judgment purposes. The Tenth Circuit upheld the trial court's taxation of those costs, and held that "[t]he reasonable cost of preparing maps, charts, graphs and kindred material is taxable, pursuant to 28 U.S.C. § 1920, when necessarily obtained for use in the case." *Id.* (citation omitted). I find that the *Mikel* rule applies to the costs Plaintiffs incurred in preparing exhibits, and those costs will be taxed here. I further hold that videotape editing falls under the *Mikel* rule if the videotaped exhibits were used at trial. *See Freedman v. National R.R. Passenger Corp.,* No. CIV.A.92–10836–WGY, 1994 WL 448631, at *1–2 (D.Mass. Aug. 19, 1994) (taxing costs for editing videotaped depositions). I therefore find that the videotape editing costs taxed by the Clerk of Court were proper with respect to videotaped exhibits used at trial. However, to the extent Plaintiffs seek recovery of additional video editing costs for videotapes not used at trial, those cost items will not be taxed. Furthermore, Plaintiffs have not demonstrated why consultant fees and other exhibit-related fees they incurred on April 21, 1997 were reasonably necessary expenses incurred in preparing exhibits under *Mikel,* and therefore those costs will be disallowed in their entirety.[5]

---

5. Plaintiffs' Motion To Review Taxation seeks an award of $38,642 .00 in costs incurred on April 21, 1997 for "consultation regarding trial presentation of documentation, depositions excerpts,

and chronological timeline; dubbing videos; laser disc production of video excerpts; laser disc production of exhibits; trial support." Even if certain individual items in this description may

Defendants object to certain exhibit-related costs taxed by the Clerk of Court. Many of these objections fall into the categories addressed in the preceding paragraph. Nonetheless, I agree with Defendants' contention that certain section 1920(4) costs already taxed by the Clerk should be reduced. Video editing for the Kessner and Albanese depositions should not have been taxed, since these depositions were not shown at trial. Therefore, the Clerk's award for video editing will be reduced by $1,061.43, which represents a 50 percent reduction of the $2,122.85 combined bill for editing the Kessner, Albanese, Lange, and Schuneman videotaped depositions. Likewise, the cost incurred for audio visual equipment rental on November 19, 1996 should not have been taxed, since in November 1996 the trial was still six months away. Therefore, the Clerk's award for equipment rental will be reduced by $3,720.00.

Accordingly, the adjustments to the Clerk's section 1920(4) taxation of costs are as follows:

| Date | Description | Determination | Amount |
|------|-------------|---------------|--------|
| 10/21/96 | exhibit materials | Costs taxed | $ 240.92 |
| 10/21/96 | exhibit materials | Costs taxed | 25.29 |
| 10/23/96 | videotape editing, Russ deposition (not used at trial) | Costs not taxed | |
| 10/23/96 | exhibit materials | Costs taxed | 273.62 |
| 10/24/96 | videotape editing, Payne deposition (not used at trial) | Costs not taxed | |
| 11/19/96 | equipment rental | Reduction of costs previously taxed | − 3,720.00 |
| 4/21/97 | consultant fees and related expenses | Costs not taxed | |
| 06/12/97 | exhibit expenses and costs incurred in delivering exhibits to courthouse | Costs taxed | 70.23 |
| 06/16/97 | exhibit materials | Costs taxed | 69.21 |
| 06/16/97 | exhibit materials | Costs taxed | 8,769.70 |
| 06/26/97 | exhibit preparation, Smith deposition | Costs taxed | 300.00 |
| 06/26/97 | editing fees and equipment rental | Costs taxed | 7,080.10 |
| 06/26/97 | videotape editing, Kessner and Albanese depositions | Reduction of costs previously taxed | − 1,061.43 |
| 06/30/97 | exhibit materials | Costs taxed | 8.27 |
| 07/01/97 | exhibit materials | Costs taxed | 137.29 |

PREVIOUS § 1920(4) COSTS TAXED: $78,419.30

ADDITIONAL § 1920(4) COSTS TAXED: $12,193.20

TOTAL § 1920(4) COSTS TAXED: $90,612.50

### Total Costs Awarded

For the foregoing reasons, the total amount of costs taxed against Defendants is $236,043.85, which encompasses the $163,-

be properly taxable, I cannot discern from this description which items were necessarily obtained for use in the case. This lack of an itemized explanation precludes the Court from making any award on this cost item.

474.70 previously taxed by the Clerk of the Court, and the additional $72,569.15 awarded to Plaintiffs through this Order.

### Prejudgment Interest

The Court's judgment of July 22, 1997 ordered that prejudgment interest would accrue at a rate of eight percent per annum on the economic damages awarded by the jury, and at a rate of nine percent per annum on noneconomic damages. Plaintiffs now request that I include the amount of prejudgment interest in the final judgment. On November 19, 1997, Plaintiffs filed a schedule of the calculated amount of prejudgment interest to be awarded to each Plaintiff, entitled Attachment A to Plaintiffs' Motion To Review Taxation. Defendants have not objected to Plaintiffs' interest calculations. Therefore, the Court adopts Plaintiffs' calculations. Accordingly, prejudgment interest for Plaintiffs' economic damages is hereby awarded in the amount of $740,975.78 and prejudgment interest for Plaintiffs' non-economic damages is awarded in the amount of $1,081,194.27. The Clerk of Court is directed to utilize the itemization set forth in Plaintiffs' Attachment A to award prejudgment interest to each Plaintiff when he prepares an amended judgment.

### Conclusion

Accordingly, it is

ORDERED that Plaintiffs' Motion To Review Taxation is GRANTED IN PART AND DENIED IN PART, in the manner and to the extent discussed in this Order. It is

FURTHER ORDERED that Defendants' Objections to Clerk's Taxation of Costs is GRANTED IN PART AND DENIED IN PART, in the manner and to the extent discussed in this Order. It is

FURTHER ORDERED that the Clerk of Court shall prepare an amended judgment consistent with the Court's rulings herein.