Kent Orrin **BERGE**, petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C2–98–1346.

Court of Appeals of Minnesota.

Jan. 19, 1999.

Harlan Goulett, Allan H. Caplan & Associates, P.A., Minneapolis, MN (for appellant).

Michael A. Hatch, Attorney General, Jeffrey F. Lebowski, Timothy C. Rank, Assistant Attorneys General, St. Paul, MN (for respondent).

Considered and decided by SHORT, Presiding Judge, LANSING, Judge, and RANDALL, Judge.

## OPINION

LANSING, Judge.

The district court determined the Commissioner of Public Safety's office complied with the mandatory discovery provisions of Minn. Stat. § 169.123, subd. 5c(d) (Supp.1997),

when it informed Kent Orrin Berge in writing that the documents were available for inspection, or that they would be copied and mailed upon receipt of reasonable copying costs. We affirm.

## FACTS

Kent Berge was arrested for driving under the influence of alcohol. The arresting officer, Benjamin Anderson, read the implied consent advisory to Berge. Berge indicated he understood the advisory and consented to a breath test for the presence of alcohol. The breath test indicated Berge had an alcohol concentration of .14. Berge's driver's license was revoked. Berge requested and was granted a review hearing.

Approximately a month before the hearing, the Attorney General's office sent a letter entitled "Mandatory Discovery Notice and Disclosure" to Berge's attorney. This letter indicated that the documents required under section 169.123, subd. 5c(d), were available for inspection or would be mailed to the attorney upon request and receipt of $13.50 (27 pages at 50¢ per page). Berge's attorney did not go to the Attorney General's office to view the documents described in the letter, nor did he send $13.50 to obtain copies of these documents.

The day before the hearing, Berge's attorney faxed to the commissioner's office a request for mandatory discovery but did not arrange for or indicate an intent to pay for copying costs. At the hearing, Berge moved to rescind his driver's license revocation or, alternatively, for reinstatement of his license, pending a continuance during which he could obtain the mandatory discovery documents. Both motions were premised on an inability to prepare for trial because the mandatory discovery documents had not been provided. The district court denied Berge's motions and ruled that the Attorney General's letter complied with the terms of Minn.Stat. § 169.123, subd. 5c(d).

## ISSUE

In an implied consent proceeding, is the Commissioner of Public Safety required to copy and deliver, free of charge, the docu-

ments listed in the mandatory discovery provisions of Minn.Stat. § 169.123, subd. 5c(d)?

## ANALYSIS

Minnesota's implied consent law provides: Judicial reviews shall be conducted according to the rules of civil procedure except that prehearing discovery is *mandatory* and is limited to:

(1) the notice of revocation;

(2) the test record, or in the case of blood or urine tests, the certificate of analysis;

(3) the peace officer's certificate and any accompanying documentation submitted by the arresting officer to the commissioner of public safety; and

(4) disclosure of potential witnesses, including experts, and the basis of their testimony.

Other types of discovery are not available.

Minn.Stat. § 169.123, subd. 5c(d) (emphasis added).

█ The district court has considerable discretion in granting or denying discovery requests and, absent abuse of that discretion, will not be reversed on appeal. *Wiggin v. Apple Valley Med. Clinic, Ltd.,* 459 N.W.2d 918, 919 (Minn.1990). In deciding whether a continuance should be granted to allow more time for discovery, a court in a civil case should consider whether the party seeking more time has been diligent in seeking discovery prior to bringing the motion. *Kissner v. Norton,* 412 N.W.2d 354, 357 (Minn.App. 1987); *see also Vaughn v. Northwest Airlines, Inc.,* 546 N.W.2d 43, 51 (Minn.App. 1996) (district court did not abuse its discretion in denying belated motion to compel discovery and dismissing claim when appellant had ample time to conduct discovery prior to trial), *aff'd in part, rev'd in part on other grounds,* 558 N.W.2d 736 (Minn.1997). The record in this case establishes that Berge had ample opportunity to view or acquire the mandatory discovery documents he sought. The district court's refusal to grant more time to obtain these documents was not an abuse of discretion.

█ Berge contends he was not required to pay the copying fees for the documents available under the mandatory discovery provisions. The government, however, is entitled to recover reasonable costs, such as photocopying charges, for producing documents in an implied consent proceeding. *See Howard v. City of St. Louis Park,* 466 N.W.2d 759, 762 (Minn.App.1991) (citing Minn. R. Civ. P. 45.02; Minn.Stat. § 13.03, subd. 3 (1988)).

At the time *Howard* was decided, discovery in implied consent cases was subject to the Minnesota Rules of Civil Procedure. *See id.* Since *Howard,* the legislature has modified the statute, making the production of certain documents "mandatory." "Mandatory" is defined as "authoritatively commanded or required; obligatory." Webster's New Universal Unabridged Dictionary 1094 (2d ed.1983). But nothing in the amended statute or the definition of the word "mandatory" implies that the government may not recoup reasonable copying costs when it produces the documents the statute requires.

█ Berge has requested that this court consider two additional issues. First, whether Minn.Stat. § 169.123, subd. 5c(b)(3) (Supp. 1997), violates an individual's right to remain silent under the Fifth Amendment to the United States Constitution and Article 1, Section 7, of the Minnesota Constitution. And second, whether Minn.Stat. § 169.123, subd 5c(d), violates an individual's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7, of the Minnesota Constitution. Neither issue was argued at the hearing, nor considered by the district court. This court's scope of review is limited to issues that were presented to and considered by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988). This limitation applies to our review of implied consent proceedings. *Weierke v. Commissioner of Pub. Safety,* 578 N.W.2d 815, 816 (Minn.App.1998). We therefore decline to reach these issues.

## DECISION

The district court did not abuse its discretion by refusing to grant Berge's motions to rescind the revocation of his driver's license

or, alternatively, for a continuance pending further discovery. In reaching our decision, we have not relied on those portions of Berge's reply brief to which the Commissioner of Public Safety objects in its motion to strike. Accordingly, we find it unnecessary to address the merits of the commissioner's motion.

**Affirmed.**

RANDALL, Judge (concurring specially).

I concur in the result that limits the holding to the issue of "free" discovery.

At oral argument, both defense counsel and the attorney for the state indicated that the panel could reach the issues raised under Minn.Stat. § 169.123, subd. 5c(b)(3), (d) (1998). Those issues include discovery mandated on the driver, the disclosure of which can be incriminating and later used against the driver in a criminal case. Another issue is the severe limitation on the discovery available to the driver and his attorney. Both of these issues are far reaching and are issues artificially created by the recent amendments to the driving while under the influence and implied consent laws. *See* 1997 Minn. Laws 1st Spec. Sess. ch. 2 (adopting omnibus DWI bill that included amendments to Minn.Stat. § 169.123, subd. 5c).

It is important that those issues are raised, and more importantly, that they be addressed head on. But I agree with the majority that, with the procedural posture of this case, it is appropriate to limit the holding to the single issue of reimbursement for reasonable discovery costs. This then leaves open for a later day, without prejudice, all the self-incrimination, limitation on discovery, and the separation of power issues that are implicated in this case.